MEMORANDUM OF LAW IN SUPPORT OF

PETITION FOR APPOINTMENT OF COUNSEL  1:CV-01-1025

1/ Under U.S. Const. 6th Amend. and 14 Amend. rights of Due Process & State Constitutions App./Plaintiff is guaranteed, not only a fair trial, but also a FAIR AND MEANINGFUL APPEAL. Such fairness, and meaningful appeals have been totally Non-existent since start of this case in 1982.

(2) App./Plaintiff has made a VERY SUBSTANTIAL attempt to obtain counsel by writing to 183 Lawyers, Law College Professors, and Political organizations espousing issues similar to App.'s. Of the 183, only 12 answered, and claimed inability due to present employment, or lack of ability in criminal law. (Names-Addresses-phone No.'s available)

App./Plaintiff has been attempting to get the U.S. Postal Inspectors to investigate this unexplainable lack of response from professional people because;
1/ App. believes that nearly all the letters he wrote to and/or The replies forthcoming from attorneys were deliberately withheld and destroyed by prison personnel in compliance with requests from Northumberland County D.A. Rosini.

Postal Inspectors for some unknown reason have been reluctant to launch an investigation despite App./Plaintiff's claim of mail

1

theft! App./Plaintiff is awaiting reply from Postal Inspector Burmeister of Harrisburg before filing suit in Federal Court against Postal Inspector Burmeister for dereliction of duty, and aiding in the violation of my Const. Rights under the First Amend. by refusing to conduct an investigation into claims of mail theft.

It is "NOT" reasonable to believe that of 183 professional people only 12 were professional enough to reply. I don't believe in Santa Claus either!

Therefore, despite herculean attempts by App./Plaintiff he is still without counsel.

App./Plaintiff is further convinced of mail theft because in May of 1999 He wrote to former jurors informing them of the fact that, VALUABLE EXCULPATORY & IMPEACHMENT EVIDENCE WAS WITHHELD FROM THEM BY THE COURT, D.A. and even DEFENSE COUNSEL. A juror Mr. Donald Brown contacted the D.A. about the letter. The D.A. called this prison requesting an investigation and some form of punishment for App./Plaintiff. This prison complied. This D.A. Rosini did although he had a copy of the letter I sent to jurors, and could easily discern I had broken no laws. Plus, the fact I received no reply from any juror who should have been extremely irate that such evidence was hidden from them during trial. Even one of those jurors should have been concerned enough about the fact that he/she might have sent an innocent man to prison, and thus written to ascertain the validity of the claim of hidden exculpatory and

2

impeachment evidence. The fact of no replies, is therefore doubly suspicious and indicative of mail theft. In addition, if none cared enough to investigate, it paints a picture of an entirely BIASED JURY!

It is not reasonable to believe that Mr. Brown a former juror was irate enough to contact the D.A. over the letter, but still failed to contact this App./Plaintiff. Thus arose App./Plaintiff's belief that there exists a conspiracy between the D.A. and the mail room personnel of this prison to prevent me from attaining any evidence in my favor, or LEGAL COUNSEL! It cannot be denied that even one letter from a juror stating he/she would not have convicted had the hidden exculpatory and impeachment evidence not been hidden would indeed be very strong evidence in favor of overturning this unjust conviction!

Appointment of Counsel is further indicated in;

---

Barry v. Brower 864 F2d 294,-An individual does not have to be totally indigent to be appointed counsel.

---

U.S. v. Lagrone, 43 F3d 332 & Hanson v. Passer, 13 F3d 275- Once government initiates charges against defendant, he has RIGHT TO COUNSEL AT "ALL" FUTURE CRITICAL STAGES.

---

It cannot be denied that, the Petition for Writ of Habeas Corpus is indeed a FUTURE CRITICAL STAGE! Such Writ is fundamental to the

protection of society from overzealous prosecutors, biased judges, and the consequent illegal and Unconstitutional imprisonment of an innocent citizen!

---

Spreitzer v. Peters, 114 F3d 1435- Criminal defendant is entitled to counsel whose undivided loyalties lie with client.

Which would indeed be a novelty in this case, since it has never happened before! Indeed all prior counsels have <u>REFUSED</u> to place all issues before appellate courts despite frequent demands by App./Plaintiff that they do so. Indeed prior counsels acted in a manner that can only be considered as collusive with the courts and prosecutor to sustain conviction.

---

All here recited citations clearly state counsel MUST present non-frivolous issues. Example listed is No. 4 of Barnes v. Jones.

Barnes v. Jones-645 F2d 427- (4.) (7.) (8) (9) (10) (11) (12) 4. Where a defendant on appeal urges his counsel to make a nonfrivolous argument, appointed counsel <u>HAS A DUTY NOT ONLY TO RAISE SUCH A NONFRIVOLOUS ARGUMENT, BUT TO ADVOCATE IT CONSCIENTIOUSLY ON APPEAL. U.S. Const. Amend. 6.</u>

It cannot be denied that such issues here presented and presented in Petition for Writ of Habeas Corpus, Lack of Sub. Mat. Jur. & Conviction under NON-EXISTENT LAW are indeed NON-FRIVOLOUS ISSUES!

---

4

The courts of PA have addressed this issue in;

Evitts v. Lucey 105 S.Ct. 830-[4] ¶ 3. The lower federal courts--and many state courts--OVERWHELMINGLY have recognized a right to effective assistance of counsel on appeal. These decisions do not seem to have had dire consequences for the States ability to conduct appeals in accordance with reasonable procedural rules.

---

Com. v. Ritchie, 442 A.2d 712-1. Crim. Law. Defendant is entitled to effective assistance of counsel on appeal and that assistance includes counsel's assistance in perfecting the appeal.

---

Comm. v. Cooley, 444 A2d 711-1. Crim. Law. Def. appointed trial counsel was ineffective WHERE HE FAILED TO PERFECT APPEAL AFTER DEF. REQUESTED HIM TO DO SO, IN THAT EVEN IF TRIAL COUNSEL BELIEVED THAT THE APPEAL WOULD BE WITHOUT MERIT IT WAS STILL HIS DUTY TO PERFECT THE APPEAL ONCE REQUESTED TO DO SO. Rules Crim. Proc. 316(c)(iii), 42 Pa C.S.A. & 2. Crim. Law.--Where def. was wrongfully denied his right of appeal due to refusal of his appointed counsel to file an appeal, question of whether his appeal was meritorious was to be decided on THE APPEAL TO WHICH HE WAS ENTITLED ALL ALONG.

It cannot be denied that, DELIBERATE FAILURE of prior counsels to include such issues as LACK OF SUB. MAT. JURISD. & TRIAL UNDER NON-EXISTENT LAW & HIDDEN EXCULPATORY & IMPEACHING EVIDENCE can only be seen as conspiracy with court and D.A., to sustain conviction, also denial of Def. RIGHT to appeal to which this App./Plaintiff was ENTITLED ALL ALONG!

In Douglas v. Calif. 372 US 353-The court noted The facts of this case emphasize a different albeit related aspect of counsel's role, that of expert professional whose assistance is necessary in a legal system governed by complex rules and procedures for the def. to obtain a decision at all--much less a favorable decision--on the merits of the case.

This App.'s case is similar to Douglas in that it is lengthy and highly complex and contains many issues cognizable under the U.S. & PA Const.'s For this court to expect this App. Plaintiff to fully understand and present "ALL" issues, is likened to belief in the tooth fairy.

Thus assigned counsel is extremely necessary in the interests of justice.

---

In Whisant v. Yuam 739 F2d 160 & Rayes v. Johnson No. 91-1350-it is clear that the courts have a power to grant assignment of counsel, when circumstances so warrant, and in exceptional circumstances.

his present case is indeed an exceptional circumstance, in that Petition for Writ of Habeas Corpus contains issues of many Const. Violations, including HIDDEN EXCULPATORY & IMPEACHING EVIDENCE, TRIAL BY COURT LACKING SUB. MAT. JURISD., TRIAL UNDER

NON-EXISTENT LAW-Which also implicates LACK OF SUB. MAT. JURISD. because, IF THERE IS NO LAW, THERE IS NO CRIME, NOR SUBJECT MATTER JURISDICTION, and many more Const. violations.

---

In Sewell v. U.S. 406 F2d 1289-Rule 12 does state: "LACK OF SUB. MAT. JURISD.***SHALL BE NOTICED BY THE COURT AT ANY TIME***. This refers however, to LACK OF JURISDICTION OVER THE SUBJECT MATTER, and not the person. Pon v. US 168 F2d 373.

---

US v. Vreeken 803 F2d-(2) Although parties can consent to personal jurisdiction, THEY CANNOT CONSENT TO SUB. MAT. JURISD. AND COURTS MUST RAISE LACK OF SUB. MAT. JURISD. EVEN IF PARTIES HAVE NOT.

---

Such Subject Matter Jurisdiction has also been addressed by the courts of Pa in;

Disalvo v. Hempfield Tp. Zon. Hear. B. 545 A2d 459-[1] page 461, However, App.'s are not precluded from raising the issue(Sub. Mat. Jurisd.) because it relates to the trial court's jurisdiction, WHICH MAY BE RAISED AT ANY TIME.

It cannot be denied that, if prior counsels had perfected the appeal, as Def. requested, and placed these serious issues before the Appellate Courts, as Def. was entitled al along, I would not now be trying, after 19 years of appeals, to get these issues

before an Appellate Court for judgement ON THE MERITS. As they should have been in the Direct Appeal and first PCRA. If prior counsels performance was not conspiratorial in nature, IT CERTAINLY WAS INEFFECTIVE!

Since this current Petition for Writ of Habeas Corpus contains MANY fundamental Const. Rights under the 6th & 14th Amend. App./Plaintiff believes these issues should finally be considered in a FAIR MANNER, which was non-existent in prior appeals and petitions.

---

US. v. Gomez 67 F3d 1515-Court of Appeals indulges EVERY REASONABLE PRESUMPTION AGAINST WAIVER OF FUNDAMENTAL CONST. RIGHTS SUCH AS DUE PROCESS.

NOW COMES, App./Plaintiff Lee D. Landau and respectfully requests, for all the foregoing reasons, this Honorable Court issue an order GRANTING ASSIGNMENT OF COUNSEL. And, any other relief which this Honorable Court is empowered to grant.

Date 7/10 ,2001               s/ Lee D. Landau
                              Lee D. Landau App.-PRO-Se