# UNITED STATES DISTRICT COURT
## Middle District of Pennsylvania

Lee D. Landau - App./Plaintiff        CIVIL NO.

        Pet./Plaintiff

        v.        1:01-cv-1025

Robert Shannon-Superintendent

The Attorney General of the

Commonwealth of Pennsylvania

        Respondents

**FILED**
HARRISBURG, PA

JUL 1 2 2001

MARY E. D'ANDREA, CLERK
Per _____
Deputy Clerk

## NOTICE OF APPEAL

Notice is hereby given that Lee D. Landau, Petitioner Pro-Se in the above referenced matter, hereby appeals to the U.S. District Court for the Middle District, of PA from orders which were entered in this action on June 22, 2001 by Magistrate Judge Smyser.

Respectfully submitted,

Date July 2, 2001
10,

Lee D. Landau/Pro-Se

AK-7928

301 Morea Rd.

Frackville, PA 17932

UNITED STATES DISTRICT COURT

Middle District of Pennsylvania


Lee D. Landau - App./Plaintiff               CIVIL NO.

            v.                                   1:01-cv-1025

Robert Shannon-Superintendent

The Attorney General of the

Commonwealth of Pennsylvania

      Respondents

---

APPEAL FROM ORDERS OF JUNE 22, 2001

---

Respectfully submitted,


---

Lee D. Landau/App. Plaintiff

Pro-Se

APPEAL FROM ORDERS OF JUNE 22, 01

---

PROCEDURAL HISTORY

On 6/08/01 App./Plaintiff filed a Petition for Writ of Habeas Corpus under 28 U.S.C. 2254.

On 6/13/01 App./Plaintiff received Form AO 85 Notice of availability of Magistrate Judge to assume jurisdiction.

App./Plaintiff refused to consent to magistrate judge jurisdiction.

On 6/25/01 App./Plaintiff received two (2) ORDERS signed by Magistrate Judge Smyser.

NOW COMES, App./Plaintiff and objects to the issuance of the said ORDERS by Magistrate Judge smyser, for the following reasons;

# TABLE OF CONTENTS

## CITATIONS

1/ Appeal Cover APPENDIX, P.(a).....

U.S. v. Garcia 65 F3d 17

Sanders v. US 113 F3d 184

2/ Page (b)..............

Houston v. Lack, 487 US 266

ORDERS APPEALED FROM

## MEMORANDUM

1/ P. 1-P. 2-P. 3- 28 U.S.C. 636(c)

2/ P. 1-P. 2-P. 3- Fed. R. of Civ. P. 73

3/ P. 4;

US v. Uchimura 107 F3d 1321

U.S. v. Davis, 55 F3d 517

Okot v. Callahan, 788 F2d 633

Phillips v. Vasquez 56 F3d 1030

4/ Page 5;

Raynor v. Dufrain, 98 Civ. 0062, (4)

5/ Page 6;

Porter v. Singletary 49 F3d 1483

Antony v. Interform Corp. 96 F3d 692

EXHIBITS; a & b.

APPEAL COVER APPENDIX

JUSTIFICATION FOR LATE FILING

U.S. v. Garcia 65 F3d 17-Notices of Appeal, especially pro-se notices are liberally construed.

Sanders v. US 113 F3d 184-In criminal cases involving pro-se appellants, Court of Appeals treats late Notice of Appeal as Motion for extension of time due to excusable neglect, and will remand case to District Court.

In this instant, App./Plaintiff was kept from the law library for the following reasons.

1/ ORDER being appealed dated June, 22, 01, was received by App. on June 25th. 01.

2/ In this prison a two week prior request slip is required before the Librarian will put your name on the Law Library List.

Thus, App. was able to only apply for Law library time for the week ending July 14. Which if granted by the librarian, only gave App. possibly 3 days in library, at the rate of approx. 2 to 2½ hours per visit. Which time is not considerable, especially when pro-se App./Plaintiff is not highly educated, and knowledgeable in law.

3/ App. Plaintiff did file Request slip (DC-135A) (copy attached) requesting waiver of the required 2 week request for library time. App./Plaintiff informed librarian he had a near court date for filing. As is evidenced on request

a

slip. Here attached.

As can be plainly seen, librarian granted only one (1) additional visit on Tuesday, July 3, 01.

4/ App./Plaintiff filed another request slip on July 3, 01, requesting additional time and telling librarian 1 additional visit on July 3rd was not sufficient for App./Plaintiff to finish all the necessary case searching and shephardizing, and form finding.

As of July 6, 01, librarian has not reponded, or granted further visit to law library.

Thus, Librarian instilled rules, (NOT D.O.C. Rules) designing primarily to inhibit as much as possible an inmates access to court which prevails at this prison S.C.I. Mahanoy, created a situation of not excusable neglect, because there was no neglect on the part of App./Plaintiff. However;

It did create a situation of EXCUSABLE DELAY DUE TO RULES NOT UNDER CONTROL OF App./Plaintiff.


In Houston v. Lack-487 US 266, Pro-se prisoner's Notice of Appeal held filed, for purposes of time limits under Rule 4(a)(1) of Fed. Rules of App. Proc., at time of delivery to prison authorities for mailing.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE LANDAU,                          :      CIVIL NO. 1:01-CV-1025
                                     :
              Petitioner             :      (Judge Caldwell)
        v.                           :
                                     :      (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,              :
                                     :              FILED
              Respondent             :      HARRISBURG, PA

                        ORDER               JUN 2 2 2001

                                     E. MARY E. D'ANDREA, CLERK
                                     PER_____
                                              DEPUTY CLERK

        On April 30, 2001, the petitioner, a state prisoner

proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The Antiterrorism Effective Death

Penalty Act (AEDPA) bars state prisoners from attacking their

convictions through second or successive habeas corpus petitions

except in very limited circumstances.  *See* 28 U.S.C. § 2244(b).

AEDPA also imposes a one year statute of limitations on petitions

for a writ of habeas corpus.  *See* 28 U.S.C. § 2244(d).  "Habeas

petitioners must therefore be careful to avoid the twin procedural

bars that AEDPA has created."  *United States v. Miller*, 197 F.3d

644, 649 (3d Cir. 1999).  To avoid making successive claims,

petitioners must marshal in one § 2254 petition all of the

arguments they have to collaterally attack their convictions.  *Id.*

And in order to avoid being time barred, they must take care to

file this one all-inclusive petition within one year of the date

on which the judgment of conviction becomes final.  *Id.*  Pursuant

to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the district

AO 72A
(Rev 8/82)

court is required to give to the petitioner notice regarding the
effects of filing a § 2254 petition in light of AEDPA and advise
the petitioner that he can (1) have his petition ruled upon as
filed; (2) if his pleading is not styled as a § 2254 petition have
his pleading recharacterized as a § 2254 petition and heard as
such, but lose his ability to file a second or successive petition
absent certification by the court of appeals as required by 28
U.S.C. § 2244(b); or (3) withdraw his petition and file one all-
inclusive petition within the one-year statutory period prescribed
by AEDPA in 28 U.S.C. § 2244(d).  In addition to what is explained
above, to fulfill the notice requirement of *Mason*, we set forth
the relevant provisions of 28 U.S.C. § 2244:

> (b)(1) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was presented in a prior application
> shall be dismissed.
>
> (2) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was not presented in a prior application
> shall be dismissed unless–
>
> > (A) the applicant shows
> > that the claim relies on a new rule of
> > constitutional law, made retroactive to cases
> > on collateral review by the Supreme Court,
> > that was previously unavailable;  or
> > (B)(i) the factual
> > predicate for the claim could not have been
> > discovered previously through the exercise of
> > due diligence; and
> > (ii) the facts
> > underlying the claim, if proven and viewed in
> > light of the evidence as a whole, would be
> > sufficient to establish by clear and
> > convincing evidence that, but for
> > constitutional error, no reasonable

AO 72A
(Rev 8/82)

factfinder would have found the applicant
guilty of the underlying offense.

(3)(A) Before a second or successive
application permitted by this section is filed in
the district court, the applicant shall move in
the appropriate court of appeals for an order
authorizing the district court to consider the
application.

(B) A motion in the court of appeals for
an order authorizing the district court to
consider a second or successive application shall
be determined by a three-judge panel of the court
of appeals.

(C) The court of appeals may authorize the
filing of a second or successive application only
if it determines that the application makes a
prima facie showing that the application satisfies
the requirements of this subsection.

(D) The court of appeals shall grant or
deny the authorization to file a second or
successive application not later than 30 days
after the filing of the motion.

(E) The grant or denial of an
authorization by a court of appeals to file a
second or successive application shall not be
appealable and shall not be the subject of a
petition for rehearing or for a writ of
certiorari.

(4) A district court shall dismiss any claim
presented in a second or successive application
that the court of appeals has authorized to be
filed unless the applicant shows that the claim
satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought
in behalf of a person in custody pursuant to the
judgment of a State court, a prior judgment of the
Supreme Court of the United States on an appeal or
review by a writ of certiorari at the instance of
the prisoner of the decision of such State court,
shall be conclusive as to all issues of fact or
law with respect to an asserted denial of a
Federal right which constitutes ground for
discharge in a habeas corpus proceeding; actually
adjudicated by the Supreme Court therein, unless
the applicant for the writ of habeas corpus shall
plead and the court shall find the existence of a
material and controlling fact which did not appear
in the record of the proceeding in the Supreme
Court and the court shall further find that the

applicant for the writ of habeas corpus could not
have caused such fact to appear in such record by
the exercise of reasonable diligence.
　　　(d)(1) A 1-year period of limitation shall
apply to an application for a writ of habeas
corpus by a person in custody pursuant to the
judgment of a State court.  The limitation period
shall run from the latest of—
　　　　　(A) the date on which the
judgment became final by the conclusion of
direct review or the expiration of the time
for seeking such review;
　　　　　(B) the date on which the
impediment to filing an application created
by State action in violation of the
Constitution or laws of the United States is
removed, if the applicant was prevented from
filing by such State action;
　　　　　(C) the date on which the
constitutional right asserted was initially
recognized by the Supreme Court, if the right
has been newly recognized by the Supreme
Court and made retroactively applicable to
cases on collateral review;  or
　　　　　(D) the date on which the
factual predicate of the claim or claims
presented could have been discovered through
the exercise of due diligence.
　　　(2) The time during which a properly filed
application for State post- conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this
subsection.


AND NOW, this 22nd day of June, 2001, **IT IS HEREBY ORDERED**

that on or before **July 13, 2001,** the petitioner shall inform the

court whether he wants to (1) have his petition ruled upon as

filed; (2) if his pleading is not styled as a § 2254 petition,

have his pleading recharacterized as a § 2254 petition and heard

as such, but lose his ability to file a second or successive

petition absent certification by the court of appeals as required

by 28 U.S.C. § 2244(b); or (3) withdraw his petition and file one

all-inclusive petition within the one-year statutory period
prescribed by AEDPA in 28 U.S.C. § 2244(d). If the petitioner
fails to inform the court which option he chooses, we will rule on
the petition as captioned.

J. Andrew Smyser
Magistrate Judge

Dated: June 22, 2001.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE LANDAU,                          :        CIVIL NO. **1:01-CV-1025**
                                     :
            Petitioner               :        (Judge Caldwell)
      v.                             :
                                     :        (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,              :
                                     :
            Respondent               :

**FILED**
**HARRISBURG, PA**

<u>ORDER</u>                                   JUN 2 2 2001

MARY E. D'ANDREA, CLERK
PER_____
        DEPUTY CLERK

**IT IS ORDERED** that:

(1) Petitioner's application to proceed *in forma pauperis*
is **DENIED**; and

(2) Petitioner shall pay the $5.00 filing fee on or before
**July 13, 2001** or show cause why he is unable to do so.

J. Andrew Smyser
Magistrate Judge

Dated:   June  _22_ , 2001.

## MEMORANDUM IN SUPPORT OF APPEAL

NOW COMES, App./Plaintiff Lee D. Landau Pro/Se, and files this brief in support of objections to the issuance of the said ORDERS by Magistrate Judge smyser, for the following reasons;

1/ App./Plaintiff did "NOT" sign and return to Clerk of Courts Form AO 85-NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION. Which is governed by provisions of 28 U.S.C. 636(c) & Fed. R. Civ. P. 73. Therefore, Magistrate Judge Smyser had NO JURISDICTION to conduct "ANY" proceedings involved in the Application for Writ of Habeas Corpus, including the corresponding, and accompanying Application for Informa Pauperis Status.

2/ In Form AO 85, ¶ 2, it clearly states, You may, WITHOUT ADVERSE SUBSTANTIVE CONSEQUENCES, withhold your consent. App./Plaintiff avers he has already suffered an adverse substantive consequence by the denial of In Forma Pauperis status, which had been granted by EVERY JUDGE SINCE START OF CASE! Such ORDER created an extremely adverse consequence for App./Plaintiff because it not only denies In Forma Pauperis, it also precludes appointment of counsel for an indigent petitioner. A right granted under U.S. Const. 6 & 14. And many federal court decisions.

1

3/ It also states in Form AO 85, that withholding of consent, will prevent the Court's jurisdiction from being exercised by a magistrate judge. App./Plaintiff avers, 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, were clearly violated by the jurisdiction exercised by Magistrate Judge Smyser in issuing the orders in question. Even though App. Plaintiff "NEVER" consented! Magistrate Judge had no jurisdiction to issue the orders of June 22, 2001.

4/ As is shown in the Application for In Forma Pauperis which was submitted in conjunction with Petition for Writ of Habeas Corpus 2254, there has been no substantial increase in App./Plaintiff's income since the initiation of charges in 1982. And Further;

5/ Jurisdiction granted by law under 28 U.S.C. 636(c), & Fed. R. of Civ. P. was again violated by Magistrate Judge Smyser's issuance of the 2nd order relating to AEDPA requirements. In which magistrate Judge Smyser allows until July, 13. 01 for App./Plaintiff to state whether App./Plaintiff wishes;

1/ Have his petition ruled upon as filed. And;

2/ If his pleading is not styled as a § 2254 petition, have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244 (b), or;

3/ Withdraw his petition and file one all inclusive petition within the one year statutory period prescribed by AEDPA in 28 § 2244 (d). And further;

If petitioner fails to inform the court which option he chooses, "WE" will rule upon the petition as captioned.

Since both orders in question were signed by Magistrate Judge Smyser, one can safely assume the "WE" mentioned in the order will include Magistrate Judge Smyser.

6/ Again, App./Plaintiff avers Magistrate Judge Smyser had no jurisdiction to issue either order. Due to App./Plaintiff's refusal to consent under 636(c) & Fed. R. Civ. P. 73. App./Plaintiff's reasons for refusing to consent to the jurisdiction of Magistrate Judge Smyser can be found enumerated in this petition's conclusion.

7/ In addition, said order pertaining to AEDPA is in error. This present Petition for Writ of Habeas Corpus 28 U.S.C. § 2254 does **"NOT"** fall under the AEDPA's present stringent standards for the following reasons;

1/ On page 4 at (2) of Order of June 22/01 pertaining to AEDPA standards, it clearly states; The time during which a properly filed application for STATE-POST CONVICTION or OTHER COLLATERAL REVIEW shall **NOT** be counted toward any limitation under this subsection;

8/ I would remind the Court that, my state post conviction which preceded this current Petition for Writ of Habeas Corpus, was filed in Commonwealth Court (according to docketing statements) in Mar. 95. Prior to the adoption of the present AEDPA standards.

US v. Uchimura 107 F3d 1321-Defendant is entitled to benefit of law prevailing at time of appeal, including new rules.

---

9/   And, it was the deliberate 4 year stalling by the Common Pleas Court (Mar. 95 to Feb. 99) which kept this present Petition for Writ of Habeas Corpus from being submitted years sooner. It was none of the App./Plaintiff's fault for the 4 year delay. In Fact, App./Plaintiff had continually written the Court begging for a conclusion. An evidentiary hearing was not held, and opinion was not filed until after App./Plaintiff filed for a Writ of Mandamus to PA Supreme Court in Aug. 98. App./Plaintiff's PCRA was properly filed prior to adoption of AEDPA in 1996, and therefore this Petition for Writ of Habeas Corpus clearly falls under the old Habeas Corpus Rules and limitations. In addition;

---

U.S. v. Davis-55 F3d 517-In general, passage of two years creates presumption of inordinate delay on appeal. &

---

In Okot v. Callahan, 788 F2d 633-We noted that when a prisoner receives ineffective relief in state court BECAUSE OF UNREASONABLE DELAY, he may file a Habeas proceeding in federal court &

---

Phillips v. Vasquez 56 F3d 1030-(1033) ¶ 1, We conclude that Phillip's RIGHT TO REASONABLY PROMPTY REVIEW outweighs the jurisprudential concerns that might otherwise lead us to decline to review his petition.

In the foregoing case, the court has clearly stated there is a
RIGHT TO A REASONABLY PROMPT REVIEW BY STATE COURTS. &

---

Also, in Raynor v. Dufrain, 98 Civ. 0062, (4) Equitable tolling
of statute of limitations for filing habeas corpus petition is
warranted  when some event effectively prohibits petitioner from
pursuing habeas.

10/  In App./Plaintiff's case, the event that effectively prevented
me  from  filing  habeas  proceeding  prior  to  AEDPA  was  the
inordinate-deliberate delay by Court of Common Pleas of 4 (FOUR)
years.

I would refer the Court to Lindh V. Murphy 96 F3d 856. The new
and more stringent one year statutory limitation does "NOT" apply
if your conviction became final BEFORE April 24, 1996. That date is
established by date upon which conviction was affirmed by court of
appeals. In my case, the date of affirmation was in Mar. 1987, and
certainly precedes the new AEDPA. Therefore,  due to all of the
foregoing reasons, this present Habeas Corpus does not fall under
the new AEDPA Standards adopted in 1996. To do so, would create a
situation of APPLIED RETROACTIVE LAW.

Whereas, under the old rules a Petitioner could file A Petition
For Writ Of Habeas Corpus, at anytime, providing state remedies
were exhausted, and could file more than one Petition For Writ Of
Habeas Corpus, without applying for a C.O.A., and the old rules
prior to AEDPA are controlling.

For the preceding reasons App./Plaintiff avers this current Petition under 28 U.S.C. 2254 does not fall under the more stringent AEDPA rules and limitations. In fact, it falls under the rules and limitations of the Petition for Writ of Habeas Corpus which preceded the AEDPA, and should therefore be heard and considered under those rules.

App./Plaintiff states he is entitled to Due Process Under the Const. of the United States, and the PA Const. Due process includes the RIGHT to have his claim heard by a FAIR and IMPARTIAL fact finder. And this RIGHT extends to judicial proceedings, which certainly includes appeals, petitions and motions. Indeed, Appellate Courts are also fact finders for all intents as they find whether or not all laws have been complied with.

---

Porter v. Singletary 49 F3d 1483-Due Process requires that litigant's claim be heard by FAIR and IMPARTIL fact finder. & Anthony v. Interform Corp. 96 F3d 692-(1) Due Process requires as a general matter opportunity to be heard at meaningful time and in a meaningful manner.
(2) Citizens must be afforded due process before deprivation of life, liberty or property.

App./Plaintiff avers, said IMPARTIALITY and FAIRNESS is unavailable from Magistrate Judge Smyser for this litigant. (See prior unconstitutional decisions by Smyser enumerated in conclusion.

App./Plaintiff has no trust in Magistrate Judge Smyser's fairness, due to his prior EXTREMELY BIASED Report & Recommendation. In which Magistrate Judge Smyser based his decision in large part upon three (3) allegations that were never charged, never proven, and not part of the official record. Therefore, should "NOT" have been used in any manner as a factor in decisions. (See attached Report & Recommendation-EXHIBITS A & B-highlighted to show illegal allegations used by Magistrate Judge Smyser.

Which clearly shows he did not base his decision on proven matters or official record.

1/ Page 1, he alludes to, A CASE IN WHICH THE PROSECUTION "MIGHT" HAVE CHARGED MORE COUNTS. It is illegal and Unconstitutional to base decisions upon matters that "MIGHT" occur, but were NOT CHARGED OR TRIED IN A COURT OF LAW!

2/ Page 1 also, He alludes to the matter that alleged victims were App./Plaintiff's children. This matter has never been proven in a court of law. In fact, it remains even to this day, nothing but a mere allegation. NOT A PROVEN FACT! I would further remind the court that, App./Plaintiff would not be the first man in the history of mankind to be cuckolded by a woman!

3/ Page 7, Magistrate Judge Smyser alleges that, DURING TRIAL COUNSEL DID CONTINUE TO ATTEMPT TO ADVISE LANDAU: HOWEVER, LANDAU ELECTED TRIAL STRATEGIES AGAINST COUNSEL'S ADVICE. There is NO PROOF IN THE OFFICIAL RECORD OF TRIAL that establishes without a doubt that counsel did indeed attempt to advise Landau. In fact, alleged advice from stand-by counsel was NON-EXISTENT! The only

advice counsel gave was objection to the reading of a DEFENSE
LETTER. App./Plaintiff viewed counsel's objection as a step to
prevent defense evidence from reaching the ears of the jury. No
defense counsel truly representing his client would try to
prevent the submission of defense evidence, unless he was acting
in collusion with the prosecution. Magistrate Judge Smyser
misinterprets entry in Tr. Trans. pages 174-184. Of course that's
nothing new, he interprets EVERYTHING IN A BIASED MANNER AGAINST
THIS APP./PLAINTIFF. Not once did counsel actually advise Landau
of ANYTHING RESEMBLING TRIAL STRATEGY, or RULES OF EVIDENCE,
CROSS EXAMINATION, etc.! Nor, did he ever attempt to implement a
trial strategy aimed at protecting his client.

Therefore, this allegation by Magistrate Judge Smyser remains
PURELY A FIGMENT OF HIS FERTILE IMAGINATION, and NOT A FACT OF
RECORD! In addition;

Counsel did discredit the credibility of the letter in
question, when he insisted that it not be read to jurors. This
was done at sidebar but jury was still within hearing distance of
7 to 8 ft. Plus, for the sake of argument, the jury were not
blind deaf fools, so they certainly picked up on the fact that
DEFENSE COUNSEL WAS AGAINST THE LETTER. This is "NOT" sound trial
strategy by defense counsel to discredit defense evidence in
front of jury! His claimed reason was, alleged writer said she
never wrote it. At this point, it was defense counsel's duty to
move the court for appointment of a hand writing analyst to
verify the signature on the letter. To attempt to validate
defense evidence is sound trial stategy. To attempt to discredit

8

defense evidence is "NOT!"

The fact that Magistrate Judge Smyser used this as his idiotic reason to deny Writ of Habeas Corpus, is HIGHLY INDICATIVE that he is EXTREMELY BIASED TOWARDS THIS APP./PLAINTIFF! In addition;

Trial judge should have barred the introduction of the letter because it was not from alleged victims. It was from their mother, stating what alleged victims told her. As such it was HEAR SAY, and should have been barred. Magistrate Judge Smyser missed that point altogether in his zealous pursuit of idiot reasons to deny Habeas Corpus to this App./Plaintiff on prior petition.

## CONCLUSION

App./Plaintiff strongly objects to Magistrate Judge Smyser exercising "ANY" jurisdiction concerning this present 28 U.S.C. § 2254-Writ of Habeas Corpus for the following reasons.

App./Plaintiff avers that for some reason unknown to App./Plaintiff Magistrate Judge Smyser is EXTREMELY BIASED against App./Plaintiff. Which is clearly borne out by his denial of In Forma Pauperis status. A status that has continually been granted BY EVERY COURT DURING THE LONG 19 YEARS OF THIS CASE.

Therefore, Magistrate Judge Smyser's denial of In Forma Pauperis can only be viewed as HIS EXTREME BIAS AGAINST APP./PLAINTIFF!

Wherefore, App./Plaintiff Lee D. Landau respectfully requests

9

this Honorable Court grant the relief herein requested and issue
an order granting;

1/ No jurisdiction for Magistrate Judge Smyser.

2/ Grant In Forma Pauperis.

3/ Consider the present Petition for Writ of Habeas Corpus under
the prior less stringent Rules, prior to AEDPA in 96.

Date ___7/10___,2001          s/ _Lee D. Landau_

                              Lee    D. Landau    App./Plaintiff

                              Pro-Se



FEDERAL PUBLIC DEFENDER
HARRISBURG, PENNSYLVAN

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE DAVID LANDAU, JR., | : | CIVIL NO. 1:CV-94-0053 |
| Petitoner | : | |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| WILLIAM J. LOVE AND | : | (Magistrate Judge Smyser) |
| THE ATTORNEY GENERAL | : | |
| OF THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
| Respondents | : | |

HARRISBURG, PA

APR   1994

LANCE S. WILSON. CLERK
PER
DEPUTY CLERK

## REPORT AND RECOMMENDATION

Landau was convicted in state court of rape offenses, statutory rape offenses, and corrupting the morals of minors.  He was convicted of seven counts in all, in a case in which the prosecution might have charged more counts because the case was one involving repeated episodes by Landau of subjecting his son and two daughters to forced sexual intercourse with one another and his two daughters to forced sexual intercourse with himself.

Landau waived his right to representation by counsel and represented himself at his jury trial.  He was convicted and was sentenced to a 25 to 50 year prison term.

The amended petition raises a number of ostensibly distinct claims under the Sixth Amendment in this 28 U.S.C. §2254 habeas corpus petition.  The petition claims that Landau did not voluntarily, knowingly, and intelligently abandon his right to counsel, that the trial court did not

a

Landau's case, where he had been through a criminal trial as a codefendant several months prior to this trial, where he expressed no interest in other counsel but rather clearly was seeking to represent himself, where he expressed no dissatisfaction with his appointed attorney, and in fact sought the trial court's assurance that Mr. Michetti would represent him if there were to be an appeal, where Landau elected to have Mr. Michetti assist in jury selection, and where the reason for Landau's decision was that he held confidential information that he felt that he could use in cross-examining witnesses and that he did not want to reveal to any attorney, there was no occasion for there to be any greater colloquy than there was about possible substitute counsel or about dissatisfaction with appointed counsel. The trial court's discussion with Landau of his right to counsel and of his relinquishment of a "very valuable and important service" was adequate under the Jones decision.

Furthermore, during trial counsel did continue to attempt to advise Landau; however, Landau elected trial strategies against counsel's advice that appeared to be unsound and poorly conceived.  See, e.g., Tr. 174-184.

In that Landau knowingly and voluntarily waived his right to be represented by an attorney, and although counselled by an attorney rejected the advice of counsel, his Sixth Amendment right to counsel was not violated.

## CERTIFICATE OF SERVICE

I hereby certify that I am this day serving upon the following persons, a copy of APPEAL FROM ORDERS OF JUNE 22, by Magistrate Judge Smyser. &

A copy of MOTION FOR APPOINTMENT OF COUNSEL.

By First Class Mail, at the addresses listed below;

PA Attorney General

D. Michael Fisher

1512 Strawberry Sq.

Harrisburg, PA 17120

      &

Superintendent R. Shannon

301 More Rd.

Frackville, PA 17932

      &

Clerk of Courts

Northumberland Cnty Courthouse

Market & 2nd Sts.

Sunbury, PA  17801

Date  7/10/01

Dist. Attorney

    Northumberland Cnty Crt. House

Market & 2nd Sts.

Sunbury, PA 17801

      &

P. Judge R. Sacavage

    Northumberland Cnty Courthouse

Market & 2nd Sts.

Sunbury, PA 17801

s/ _Lee D. Landau_

Lee    D. Landau    App.Pro-Se

AK-7928

301 Morea Rd.

Frackville, PA  17932