ORIGINAL

Court Clerk
U.S. District Court
228 Walnut St.
P.O.B. 983
Harrisburg, PA 17108

FILED
HARRISBURG
JUL 0 2 2001
MARY E. D'ANDREA, CLERK
Per _____
DEPUTY CLERK

RE: 3:01-cv-01025 or 1:01-cv-1025 Both numbers were given to me, and I don't know which is right.

Dear Clerk,                                                                6/30/01

On June 14, I received your acknowledgement of receipt of my 2254 Petition for Writ of Habeas Corpus, and assigned number 3:01-cv-01025. I also received Form AO 85 Notice, Consent, and Order of Reference. Said form states in ¶ 2, I may withhold consent and suffer no substantive consequences.

I did "NOT" consent because Magistrate Judge Smyser has previously demonstrated his EXTREME BIAS against me, by issuing a Report & Recommendation in which he relied upon MATTERS NOT A PART OF THE OFFICIAL COURT RECORD, and allegations of additional crimes allegedly committed by myself, but I WAS NEVER CHARGED WITH OR TRIED FOR to deny my Petition. That certainly demonstrates BIAS IN THE EXTREME! I wanted no part of his extreme bias in the matter of this present petition.

However, on June 24 I received an ORDER signed by Magistrate Smyser denying my In Forma Pauperis Petition, and ordering me to pay the filing fees. I have had In Forma Pauperis constantly granted by every court since the beginning of this case in 1982. Now this extremely biased Magistrate Smyser decides to deny my In Forma Pauperis. That certainly demonstrates BIAS IN THE EXTREME! As a consequence of this magistrate taking unauthorized jurisdiction, I HAVE ALREADY SUFFERED A SUBSTANTIVE CONSEQUENCE! The loss of In Forma Pauperis which was granted by "EVERY" court from start, is certainly a SUBSTANTIVE CONSEQUENCE TO ME, since I have no money to pay a lawyer.

I object strongly to this Magistrate having any Jurisdiction over this present Petition for Writ of Habeas Corpus! And further;

I would like an explanation as to how and why this biased magistrate came to issue an order involving this current Petition, when according to 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 he has NO JURISDICTION UNLESS I CONSENT? I DID "NOT" CONSENT! So, why is he now sticking his extremely biased nose into this petition? In the second ORDER issued June 22 by Smyser, last page, last paragraph, he states, IF THE PETITIONER FAILS TO INFORM THE COURT WHICH OPTION HE CHOOSES, WE WILL RULE UPON THE PETITION AS CAPTIONED. Again, HOW DOES SMYSER GET TO RULE ON ANYTHING IF I DO NOT CONSENT? Response please.

In addition, on page 4, (2) it clearly states, The time during which a properly filed application for state-post conviction or other collateral review shall not be counted toward any limitation under this subsection. In addition, I would remind the court & Clerk that my PCRA was properly filed in Court of Common Pleas in Mar. 1995, prior to the AEDPA amends of 96. It was Court of Common Pleas deliberate inordinate delay of 4 years that delayed my filing of this present Writ of Habeas Corpus, and "NOT THE FAULT OF APPELLANT WHO CONSTANTLY REQUESTED THE LOWER COURT TO HOLD THE HEARING, AND THEY IGNORED ME! Therefore, this petition is governed by the old Habe Rules in force prior to 96, and not the new AEDPA of 96.

In addition, I would refer you to, Lindh v. Murphy 96 F3d 856-The new and more stringent one year statutory limitation does "NOT APPLY" if your conviction became final before April 24th 1996. That date is established by date upon which conviction was affirmed by court of appeals. In my case, the date of affirmation of conviction occurred in Mar. 1987, and certainly precedes the new AEDPA.

                                                Yours truly,

                                          S/ *Lee D. Landau*

                                          Lee D. Landau
                                          AK-7928
                                          301 Morea Rd.
                                          Frackville, PA   17932