UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE D. LANDAU,                          :      CIVIL NO. **1:01-CV-1025**
                                        :
                    Petitioner          :      (Judge Caldwell)
          v.                            :
                                        :      (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,                 :
                                        :
                    Respondent          :

**FILED**
**HARRISBURG, PA**

        REPORT AND RECOMMENDATION           AUG 1 0 2001

MARY E. D'ANDREA, CLERK
PER_____
                DEPUTY CLERK

        On June 8, 2001, the petitioner, a state prisoner

proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.  The petitioner also filed an

application to proceed *in forma pauperis*.


        By an Order dated June 22, 2001 the petitioner's

application to proceed *in forma pauperis* was denied and the

petitioner was ordered to pay the $5.00 filing fee on or before

July 13, 2001 or show cause why he is unable to do so.   By a

separate order dated June 22, 2001 we gave the petitioner the

notice required by *Mason v. Meyers*, 208 F.3d 414 (3d Cir.

2000), and ordered the petitioner to inform the court on or

before July 13, 2001 whether he wants (1) to have his petition

ruled upon as filed; (2) if his pleading is not styled as a

§ 2254 petition, to have his pleading recharacterized as a

§ 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244(b); or (3) to withdraw his petition and file one all-inclusive petition within the one-year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d). The Order provided that if the petitioner fails to inform the court which option he chooses, we will rule on the petition as captioned.

On July 12, 2001, the petitioner filed an appeal to the district court judge of the Orders of June 22, 2001. By an Order dated August 3, 2001, Judge Caldwell denied that appeal.

On July 12, 2001, the petitioner filed a motion for the appointment of counsel and a brief in support of that motion. On July 12, 2001, the petitioner also paid the $5.00 filing fee.

We will treat the petition as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, as it is captioned.

The petitioner is challenging a March 1983 conviction from the Court of Common Pleas of Northumberland County for

2

AO 72A
(Rev 8/82)

rape, statutory rape and corruption of minors.  *Petition* at ¶1.
This is not the first time that the petitioner has filed a §
2254 petition for a writ of habeas corpus challenging that
conviction.  In 1994, the petitioner filed a petition for a
writ of habeas corpus challenging that conviction. *Landau v.*
*Love*, 1:CV-94-0053.  By a Report and Recommendation dated
August 3, 1994, it was recommended that that petition be denied
on the merits. *See attached R&R of Aug. 3, 1994.*  By an Order
dated August 29, 1994, Judge Caldwell adopted that Report and
Recommendation and denied the petition on the merits. *See*
*attached Order of Aug. 29, 1994.*

28 U.S.C. § 2244(b) provides:

(b)(1) A claim presented in a second or
successive habeas corpus application under
section 2254 that was presented in a prior
application shall be dismissed.

(2) A claim presented in a second or
successive habeas corpus application under
section 2254 that was not presented in a prior
application shall be dismissed unless-
(A) the applicant shows that the claim
relies on a new rule of constitutional law,
made retroactive to cases on collateral review
by the Supreme Court, that was previously
unavailable;  or
(B)(i) the factual predicate for the claim
could not have been discovered previously
through the exercise of due diligence; and
(ii) the facts underlying the claim, if
proven and viewed in light of the evidence as a

3

whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

The instant petition is a second or successive petition which raises claims that were not presented in the prior

4

petition. It will be recommended that the instant petition be transferred to the United States Court of Appeals for the Third Circuit. *See Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996)("[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by this Court that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to this Court in the interest of justice pursuant to § 1631, as was done in this case.").

Based on the foregoing, it is recommended that the petition be transferred to the United States Court of Appeals for the Third Circuit as a second or successive petition. It is further recommended that the petitioner's motion (doc. 6) for the appointment of counsel be denied.

J. Andrew Smyser
Magistrate Judge

Dated: August __10__, 2001.

5

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE DAVID LANDAU, JR.,          :     CIVIL NO. 1:CV-94-0053
          Petitoner             :
                                :
     v.                         :     (Judge Caldwell)
                                :
WILLIAM J. LOVE AND             :     (Magistrate Judge Smyser)
THE ATTORNEY GENERAL            :
OF THE COMMONWEALTH OF          :              FILED
PENNSYLVANIA,                   :         HARRISBURG, PA
          Respondents           :
                                           AUG 3 1994

                                       LANCE S. WILSON, CLERK
                                       PER _____
                                                DEPUTY CLERK

                    **REPORT AND RECOMMENDATION**

     Landau was convicted in state court of rape offenses,
statutory rape offenses, and corrupting the morals of
minors.  He was convicted of seven counts in all, in a case
in which the prosecution might have charged more counts
because the case was one involving repeated episodes by
Landau of subjecting his son and two daughters to forced
sexual intercourse with one another and his two daughters to
forced sexual intercourse with himself.

     Landau waived his right to representation by counsel
and represented himself at his jury trial.  He was convicted
and was sentenced to a 25 to 50 year prison term.

     The amended petition raises a number of ostensibly
distinct claims under the Sixth Amendment in this 28 U.S.C.
§2254 habeas corpus petition.  The petition claims that
Landau did not voluntarily, knowingly, and intelligently
abandon his right to counsel, that the trial court did not

conduct an inquiry sufficient to determine the basis for the petitioner's objection to court-appointed counsel (and to determine whether another attorney should be appointed), that the trial court did not conduct an adequate inquiry to determine whether the petitioner intelligently and competently decided to proceed pro se and was aware of the dangers of self-representation. We view these ostensibly distinct claims to be a single claim.

The colloquy that occurred at the outset of Landau's trial was as follows:

> THE COURT: Let the record show the appearance of Mr. Konopka for the Commonwealth, Mr. Michetti for the defendant, and the defendant.
>
> Mr. Landau, your lawyer has advised me that you would like to be your own trial lawyer, and have him present as Stand-By Counsel in order that you can consult with him if you so wish. Now, is that what you want to do?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: You want to question the witnesses and do everything yourself?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: But have him there as Stand-By Counsel?
>
> THE DEFENDANT: Yes, sir.

THE COURT: Well, you do understand that you do have an absolute right to have a lawyer, and that if you cannot afford one, an attorney will be appointed to represent you free of charge, and, in fact, Mr. Michetti has been appointed to represent you.

I would also advise you that an attorney would advise you of any defenses which are available to you, advise you of procedures, he would file such Pre-Trial Motions as would be indicated, such as Motions to Suppress Evidence, Motions to Quash the Information, Challenge to the Jury Array, to oppose any consolidation, and all pre-trial matters.

During trial he would cross examine witnesses called against you, present evidence in your behalf, argue the law and the evidence to the Court and to the Jury, and if you are convicted, he would prepare and argue Motions For A New Trial, and if such Motions are denied, he would represent you on an appeal to a higher court, and he would aid in the selection of the Jury, he would question prospective Jurors, and if you are convicted and sentenced, he would argue circumstances and facts in mitigation of sentence.

In other words, when you waive or give up a lawyer, you give up and agree to do without a very

valuable and important service.  Do you understand
that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Do you have any questions at all
about what I have said, or what services a lawyer
might perform?

THE DEFENDANT: No, sir, only one question.
After the trial is over, if I need an appeal, will
I still be able to retain Mr. Michetti's services
to file any appropriate papers on appeal?

THE COURT: Yes.

THE DEFENDANT: Then I am satisfied, sir.

THE COURT:  Do you want to question the
prospective jurors yourself, or do you want---

THE DEFENDANT: No, sir, I prefer to have some
help with that.

THE COURT: All right.  You would be
satisfied, and, in fact, it is your wish and
desire that Mr. Michetti would be present in the
Court Room and be there in order that you can
consult with him, but you don't want him to
actively participate.  Is that what you are
saying?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Mr. Michetti, is there anything
you would like to say in this regard?

MR. MICHETTI: Mr. Landau has expressed this desire to me, and he has requested that I keep this in a confidential relationship with him.

He has indicated to me he has information which he did not want to reveal to his Counsel, and he has not revealed, feeling that he alone could be trusted and question the prospective witnesses on these matters, and he has, over numerous occasions with conferences that I had with him in the Northumberland County Jail, expressed his desire to proceed as such.

He has wanted me to assist him in selecting the Jury for the trial, and if there is any need after his Jury renders its verdict, to assist him in any appeal, if necessary.

He has expressed this on several occasions to me.

THE COURT: Mr. Landau, you had a Jury Trial several months ago, did you not?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Landau, is this request you are making to be your own Attorney, are you making this voluntary and of your own free will?

THE DEFENDANT: Yes, Your Honor.

THE COURT: Has there been any force or coercion or has anybody talked you into this?

THE DEFENDANT: No, Your Honor.

AO 72A
(Rev. 8/82)

THE COURT: This is your free choice?

THE DEFENDANT:    Yes, sir.

THE COURT: Are you on any medication today?

THE DEFENDANT: No, sir, nothing at all, Your
Honor.

THE COURT: Are you suffering from any
physical or mental or emotional problems that
would interfere with your understanding what I am
saying to you?

THE DEFENDANT: No, Your Honor.

THE COURT: Do you have any questions at all?

THE DEFENDANT: No, Your Honor.

THE COURT: Mr. Konopka, is there anything you
would like to say?

MR. KONOPKA: No, Your Honor, there isn't.

THE COURT: Is it agreeable that I would
advise the prospective Jurors that you want to be
your own lawyer and that Mr. Michetti would be
present as Stand-By Counsel in order that you
could consult with him?

THE DEFENDANT: Yes, Your Honor.


Trial Transcript, pages 7-12.


The standard for measuring the adequacy of a colloquy
regarding a waiver of counsel is stated in Government of the
Virgin Islands v. Jones, 934 F.2d 468 (3d Cir. 1991).  In

Landau's case, where he had been through a criminal trial as a codefendant several months prior to this trial, where he expressed no interest in other counsel but rather clearly was seeking to represent himself, where he expressed no dissatisfaction with his appointed attorney, and in fact sought the trial court's assurance that Mr. Michetti would represent him if there were to be an appeal, where Landau elected to have Mr. Michetti assist in jury selection, and where the reason for Landau's decision was that he held confidential information that he felt that he could use in cross-examining witnesses and that he did not want to reveal to any attorney, there was no occasion for there to be any greater colloquy than there was about possible substitute counsel or about dissatisfaction with appointed counsel. The trial court's discussion with Landau of his right to counsel and of his relinquishment of a "very valuable and important service" was adequate under the Jones decision.

Furthermore, during trial counsel did continue to attempt to advise Landau; however, Landau elected trial strategies against counsel's advice that appeared to be unsound and poorly conceived. See, e.g., Tr. 174-184.

In that Landau knowingly and voluntarily waived his right to be represented by an attorney, and although counselled by an attorney rejected the advice of counsel, his Sixth Amendment right to counsel was not violated.

AO 72A
(Rev. 8/82)

Therefore, it is recommended that his petition for a writ of habeas corpus be denied.

J. Andrew Smyser
Magistrate Judge

Dated: August 3, 1994

# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| LEE DAVID LANDAU, JR.<br>Petitioner | : | CIVIL NO.  1: CV-94-0053 |
| | : | |
| | : | |
| v. | : | (Judge Caldwell) |
| | : | |
| WILLIAM J. LOVE AND | : | (Magistrate Judge Smyser) |
| THE ATTORNEY GENERAL OF | : | |
| THE COMMONWEALTH OF | : | |
| PENNSYLVANIA, | : | |
| Respondents | : | |

## **NOTICE**

Any party may obtain a review of the Report and Recommendation pursuant

to Rule 72.31 of the Rules of Court, M.D.Pa., which provides:

Any party may object to a magistrate judge's proposed findings, recommendations
or report under subsections 72.4, .5, and .6 of these rules, underline{supra}, **within ten (10)
days** after being served with a copy thereof.  Such party shall file with the Clerk of
Court, and serve on the magistrate judge and all parties, written objections which
shall specifically identify the portions of the proposed findings, recommendations
or report to which objection is made and the basis for such objections.  The
briefing requirements set forth in Rule 72.30 shall apply.  A judge shall make a de
novo determination of those portions of the report or specified proposed findings
or recommendations to which objection is made and may accept, reject, or modify,
in whole or in part, the findings or recommendations made by the magistrate
judge.  The judge, however, need conduct a new hearing only in his or her
discretion or where required by law, and may consider the record developed
before the magistrate judge, making his or her own determination on the basis of
that record.  The judge may also receive further evidence, recall witnesses or
recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

FILED
HARRISBURG PA

AUG  3 1994

LANCE S. WILSON, CLERK
PER _____
DEPUTY CLERK

Dated:  August 3, 1994

AO 72A
(Rev. 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

\* \* MAILING CERTIFICATE OF CLERK \* \*


Re:  1:94-cv-00053    Landau v. Love


True and correct copies of the attached were mailed by the clerk
to the following:

    Lee David Landau Jr.
    SCI-H
    SCI at Huntingdon
    AK-7928
    Drawer R
    1100 Pike Street
    Huntingdon, PA  16654-1112

    Federal Public Defender, Esq.
    Federal Public Defender,
    First Assistant
    100 Chestnut Street
    Suite 306
    Harrisburg, PA  17101

    William C. Cole, Esq.
    District Attorneys Office
    Northumberland County Courthouse
    Second and Market Sts.
    Sunbury, Pa  17801

    Robert B. Sacavage, Esq.
    D.A. of Northumberland County
    2nd & Market Sts.
    Sunbury, PA  17801

```
cc:
Judge                      ( ✓ )
Magistrate Judge           ( ✓ )
U.S. Marshal               ( ✓ )
Probation                  (   )
U.S. Attorney              (   )
Atty. for Deft.            (   )
Defendant                  (   )
Warden                     (   )
Bureau of Prisons          (   )
Ct Reporter                (   )
Ctroom Deputy              (   )
Orig-Security              (   )
Federal Public Defender    (   )
Summons Issued             (   )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5        (   )
Order to Show Cause        (   )  with Petition attached & mailed certified mail
                                  to:  US Atty Gen  ( )   PA Atty Gen ( )
Other__Tickler 8/2/94 ( ✓ )            DA of County ( )   Respondents ( )
```

LANCE S. WILSON, Clerk

DATE: ___8/3/94___          BY: ___XPM___
                                Deputy Clerk

cc:
Judge                        ( ✓ )
Magistrate Judge             ( ✓ )
U.S. Marshal                 ( ✓ )
Probation                    ( )
U.S. Attorney                ( )
Atty. for Deft.              ( )
Defendant                    ( )
Warden                       ( )
Bureau of Prisons            ( )
Ct Reporter                  ( )
Ctroom Deputy                ( )
Orig-Security                ( )
Federal Public Defender      ( )
Summons Issued               ( )  with N/C attached to complt. and served by:
                                  U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5          ( )
Order to Show Cause          ( )  with Petition attached & mailed certified mail
                                  to: US Atty Gen  ( )    PA Atty Gen ( )
                                      DA of County ( )    Respondents ( )
Other __Tickler 8/22/94__ ( ✓ )

                                              LANCE S. WILSON, Clerk

DATE: ___8/3/94___                 BY: __XMM__
                                       Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE DAVID LANDAU, JR.,          :
         Petitioner

                                :

         vs.                    :    CIVIL ACTION NO. 1:CV-94-53
                                         (Judge Caldwell)
WILLIAM J. LOVE and             :    (Magistrate Judge Smyser)
THE ATTORNEY GENERAL OF THE
COMMONWEALTH OF PENNSYLVANIA,    :
         Respondents

**FILED**
HARRISBURG, PA

AUG 2 9 1994

O R D E R

~~LANCE S. WILSON~~, CLERK
PER

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending is the Report and Recommendation of the United

States Magistrate Judge filed August 3, 1994, and Petitioner's

objections to the Report.

Petitioner is an inmate at the State Correctional

Institution at Huntingdon, Pennsylvania, who filed this petition

for a writ of habeas corpus alleging that his Sixth Amendment

right to counsel, as guaranteed by the Fourteenth Amendment, was

violated at his criminal trial. Specifically, Landau alleged that

the trial court did not properly conduct sufficient inquiry as to

Landau's desire to proceed pro se at his criminal trial.

After he was convicted, Petitioner exhausted his state

law appeals and filed this 28 U.S.C. § 2254 petition for habeas

relief. He argues that he did not voluntarily, knowingly, and

intelligently abandon his right to counsel. It is also alleged

Certified from the record
Date  8/29/94
         Lance S. Wilson, Clerk
Per  *George J. Gardner*
         Deputy Clerk

AO 72A
(Rev. 8/82)

that the trial court did not conduct sufficient inquiry to assess
Petitioner's objection to court-appointed counsel and whether
there existed cause for substitution of counsel, and whether
Petitioner knowingly decided to proceed pro se and was aware of
the dangers of self-representation.  We agree with the Magistrate
Judge that the comprehensive colloquy that occurred at the outset
of Petitioner's trial met the standards for a valid waiver of
counsel, as set forth in Government of the Virgin Islands v.
Jones, 934 F.2d 468 (3d Cir. 1991).

AND NOW, this 30th day of August, 1994, upon
consideration of the Report of the United States Magistrate Judge
dated August 3, 1994, and the exceptions to the Report filed by
Petitioner, and upon independent review of the record, it is
ordered that the Magistrate Judge's Report is adopted.  It is
further ordered, pursuant to the Magistrate Judge's
recommendation, that:

1.  The petition for a writ of habeas
corpus is denied.

2.  The Clerk of Court shall close this
file.

William W. Caldwell
United States District Judge

2

AO 72A
(Rev. 8/82)



UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *


Re:  1:94-cv-00053    Landau v. Love


True and correct copies of the attached were mailed by the clerk
to the following:

```
Lee David Landau Jr.
SCI-H
SCI at Huntingdon
AK-7928
Drawer R
1100 Pike Street
Huntingdon, PA  16654-1112

Federal Public Defender, Esq.
Federal Public Defender,
First Assistant
100 Chestnut Street
Suite 306
Harrisburg, PA  17101

William C. Cole, Esq.
District Attorneys Office
Northumberland County Courthouse
Second and Market Sts.
Sunbury, Pa  17801

Robert B. Sacavage, Esq.
D.A. of Northumberland County
2nd & Market Sts.
Sunbury, PA  17801
```

```
cc:
Judge                       (   )
Magistrate Judge            (   )
U.S. Marshal                (   )
Probation                   (   )
U.S. Attorney               (   )
Atty. for Deft.             (   )
Defendant                   (   )
Warden                      (   )
Bureau of Prisons           (   )
Ct Reporter                 (   )
Ctroom Deputy               (   )
Orig-Security               (   )
Federal Public Defender     (   )
Summons Issued              (   )  with N/C attached to complt. and served by:
                                   U.S. Marshal (   )    Pltf's Attorney (   )

Standard Order 93-5         (   )
Order to Show Cause         (   )  with Petition attached & mailed certified mail
                                   to:  US Atty Gen  (   )  PA Atty Gen (   )
                                        DA of County (   )  Respondents (   )

Other_____       (   )
                                                LANCE S. WILSON, Clerk
```

DATE: ___8/29/94_____                    BY: _____
                                                  Deputy Clerk

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE D. LANDAU,                      :        CIVIL NO. **1:01-CV-1025**
                                    :
              Petitioner            :        (Judge Caldwell)
        v.                          :
                                    :        (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,             :
                                    :        **FILED**
              Respondent            :        **HARRISBURG, PA**

### NOTICE

AUG 1 0 2001

MARY E. D'ANDREA, CLERK
PER_____
                  DEPUTY CLERK

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3 of the Rules of Court, M.D.Pa., which provides:

Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. §636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition **within ten (10) days** after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

J. Andrew Smyser
Magistrate Judge

Dated: *August 10, 2001.*

AO 72A
(Rev 8/82)

UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

* * MAILING CERTIFICATE OF CLERK * *

August 10, 2001

Re:  1:01-cv-01025    Landau v. Shannon


True and correct copies of the attached were mailed by the clerk
to the following:


    Lee D. Landau
    SCI-MAHONOY
    Mahonoy State Correctional Institution
    AK-7928
    301 Morea Road
    Frackville, PA  17931


```
cc:
Judge                      ( X )          ( ) Pro Se Law Clerk
Magistrate Judge           ( X )          ( ) INS
U.S. Marshal               (  )           ( ) Jury Clerk
Probation                  (  )
U.S. Attorney              (  )
Atty. for Deft.            (  )
Defendant                  (  )
Warden                     (  )
Bureau of Prisons          (  )
Ct Reporter                (  )
Ctroom Deputy              (  )
Orig-Security              (  )
Federal Public Defender    (  )
Summons Issued             (  )  with N/C attached to complt. and served by:
                                 U.S. Marshal ( )    Pltf's Attorney ( )

Standard Order 93-5        (  )
Order to Show Cause        (  )  with Petition attached & mailed certified mail
                                 to: US Atty Gen   ( )  PA Atty Gen ( )
                                     DA of County  ( )  Respondents ( )
Bankruptcy Court           (  )
Other _____            ( X )
                                          MARY E. D'ANDREA, Clerk


DATE: _____ 8/10/01            BY: _____
                                      Deputy Clerk
```