# ORIGINAL

U.S. COURT OF APPEALS FOR THE

THIRD CIRCUIT

| | |
|---|---|
| LEE D. LANDAU, | :  CIVIL. 1:01-cv-1025 |
| Petitioner | : |
| V. | : |
| ROBERT SHANNON, Warden, | : |
| PA State Att. General | : |
| Respondents | : |

**FILED**
**HARRISBURG**

AUG 2 0 2001

MARY E. D'ANDREA, CLERK
Per_____
DEPUTY CLERK

---

PURSUANT TO Rule 72.3 R. of Crt. M.D. PA.

PETITIONER HEREBY FILES

OBJECTION TO REPORT AND RECOMMENDATION

OF 8/10/01 BY Mag. JUDGE SMYSER

---

Submitted by;

*Lee Landau*

Lee     D. Landau     Pet./Pro-Se

301 Morsa Rd.

Frackville, PA   17932

DATE:

IN THE

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT

Lee D. Landau                          :

    Petitioner                        : 1:01-cv-1025

    vs.                               :

Robert Shannon-Warden                  :

PA Att. General Fisher                 :

    Respondents                       :


### MEMORANDUM OF LAW IN SUPPORT OF PETITIONER'S

### OBJECTION TO REPORT & RECOMMENDATION

### OF Mag. Judge Smyser, 8/10/01


AND NOW, comes the Pet. Lee D. Landau Pro-Se and files this memorandum of law in support of his Objection to Report & Recommendation of Mag. Judge Smyser.


On 8/10/01, Mag. Judge Smyser issued a Report & Recommendation WITHOUT ATTAINING SUBJECT MATTER JURISDICTION IN THE MATTER OF PET.'s PETITION FOR WRIT OF HABEAS CORPUS.

### MAG. JUDGE SMYSER DOES NOT

### POSSESS JURISDICTION TO ISSUE

### ANY ORDERS IN MATTER OF WRIT OF HABEAS CORPUS

Jurisdiction was given to Mag. Judge Smyser without addressing the very important issue of HIS EXTREME BIAS TOWARDS PETITIONER. Which violates Petitioner's Constitutional right to <u>FAIR AND MEANINGFUL</u> APPEAL.

Middle Dist. court merely reassigned jurisdiction to Mag. Judge Smyser citing rather dubious (PRE-TRIAL) rules, as is contested by Pet. in Appeal of 8/10/01 to the 3rd Circuit Court of appeals on Pages 3 thru 6. Said Appeal is still in possession of 3rd Circ. court.

On 7/10/01 Petitioner filed an appeal with the Middle District Court, from the ORDER of Mag. Judge Smyser of June 22/01, stating his belief that the present Petition for Writ of Habeas Corpus does not fall under the more stringent rules of AEDPA. Such issue is on Pages 1 thru 6 of said appeal. (Pages of Appeal here included as EXHIBIT A-B-C-D-E-F-G-H-I-J)

If this present 2254 is adjudicated with AEDPA standards controlling, Petitioner loses the RIGHT to petition the Supreme Court for Writ of Certiorari. Pet. would face no such huge loss of Constitutional RIGHT if 2254 were adjudicated under PRE-AEDPA standards, AS IT SHOULD BE!

This issue of successive or second 2254, and whether pre-AEDPA is controlling, was not answered by Middle District court in ORDER and Opinion of 8/3/01.

This Petitioner views such proceedings as has been attempted by

1

Mag. Judge Smyser and Middle District Court to be A prime example of RAILROADING A PETITIONER.

It appears to this Petitioner that the Courts are once again, as has been done by courts and assigned counsels all through prior appeals, ignoring vital issues of CONSTITUTIONAL VIOLATIONS and attempting to run this present 2254 through the system without addressing the issues in order to deny Petitioner's Habeas Corpus as quickly as possible. Without the slightest bit of Due Process attaching.

APPEAL TO 3RD CIRCUIT ON 8/10/01

STILL PENDING and MAG. JUDGE'S

JURISDICTION NOT CONFIRMED

Petitioner filed an appeal to the Court of Appeals for the 3rd circuit on 8/10/01 contesting jurisdiction by Mag. Judge Smyser, and requesting that this issue of second or successive 2254, be answered according to the arguments filed by Petitioner against AEDPA being the controlling force. And further, that ALL arguments presented by Pet. be answered.

Said appeal filed 8/10/01 requesting an order to send appeal back to Middle Dist. Court for answers on  ALL issues is still pending in Court of Appeals for 3rd circuit.

ALL issues as presented in appeal of 7/10/01 to Middle District should be addressed, as is due Petitioner under the Constitution of the U.S. Amendments which pertain to DUE PROCESS.

On    8/13/01  Petitioner received a copy of Report & Recommendation by Mag. Judge Smyser Dated 8/10/01 sending the 2

2

should   not be punished for deliberate delaying actions of the court of Common Pleas.

## ISSUES DELIBERATELY IGNORED BY
## MIDDLE DIST. COURT

Issues put forth in appeal from ORDER of Mag. Judge Smyser were SIMPLY IGNORED AND NOT ANSWERED by Middle Dist. Court.

Not answered were the following;

1/ Whether pre-AEDPA standards were controlling in this present 2254. EXHIBITS A-B-C-D-E-F.

2/ EXTREME BIAS  OF MAG. JUDGE SMYSER. Pages 6 thru 9. EXHIBIT F-G-H-I.

3/  ILLEGAL and unwarranted denial of In  Forma  Pauperis. Page 2. No. 4/ EXHIBIT B.

Middle Dist. court merely reassigned jurisdiction to Mag. Judge Smyser citing rather dubious (PRE-TRIAL) rules, as is contested by Pet. in Appeal of 8/10/01 to the 3rd Circuit Court of appeals on Pages 3 thru 6.  Said  Appeal  is  still in possession of 3rd Circ. court.

## ANOTHER DEMONSTRATION OF MAG. JUDGE SMYSER'S
## EXTREME BIAS AGAINST PETITIONER

In addition, Mag. Judge Smyser once again  demonstrated  his EXTREME BIAS AGAINST PETITIONER, by his denial of Appointment of Counsel, page 5 Report & Recommendation. Every other court since start of this case has assigned In Forma Pauperis and Assigned Counsel.

## CONCLUSION

If Mag. Judge Smyser's report and Recommendation are accepted as is, Petitioner requests NOTIFICATION OF SUCH ACCEPTANCE, and TIME TO FILE A BRIEF IN SUPPORT OF PETITION FOR WRIT OF HABEAS CORPUS.

Therefore, for all of the following reasons, Petitioner vehemently objects to the total report & recommendation filed by Mag. Judge Smyser.

DATE                                    s/ *Lee Landon*

5

UNITED STATES DISTRICT COURT

Middle District of Pennsylvania

Lee D. Landau                          : CIVIL No. 1:01-cv-1025

    Petitioner                          :

     VS.                                 :

Robert Shannon, Warden,                :(

Att. General of PA,                    :

    Respondents

---

APPEAL FROM ORDERS OF JUNE 22, 2001

---

Submitted PRO-SE,

S/ _Lee Landau_

Lee D. Landau/Pet.

# CITATIONS

US V. Uchimura 107 F3d 1321.........p. 4

US V. Davis 55 F3d 517.............p. 4

Okot v. Callahan 788 F2d 633.......p. 4

Phillips v. Vasquez 56 F3d 1030....p. 4

Raynor v. Dufrain 98 Civ. 0062.....p. 5

Porter v. Singletary 49 F3d 1483...p. 6

Anthony v. Interform 96 F3d 692....p. 6

## MEMORANDUM IN SUPPORT OF APPEAL

NOW COMES. Petitioner LEE D. LANDAU  Pro/Se,  and files this brief in support of objections to the issuance of said ORDERS by Magistrate Judge Smyser, for the following reasons;

1/ Petitioner did NOT sign and return to Clerk of Courts Form AO 85-Notice of AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION. Which is governed by provisions of 28 U.S.C. 636(cO & Fed. R. Civ. P. 73. Therefore,  Magistrate Judge Smyser had NO JURISDICTION to conduct "ANY" proceedings involved in the Application for Writ of Habeas Corpus, including the corresponding, and accompanying Application for In Forma Pauperis Status.

2/ In Form AO 85 ¶ 2, it clearly states, You may, WITHOUT ADVERSE SUBSTANTIVE CONSEQUENCES, withhold your consent. Petitioner avers he has already suffered an adverse substantive consequence by the Denial of In Forma Pauperis, which had been granted by EVERY JUDGE SINCE  START  OF CASE! Such ORDER created an extremely  adverse consequence for Petitioner because it not only denies In Forma Pauperis, it also precludes appointment of counsel for an indigent Petitioner. A  right granted under U.S. Const. 6 & 14. And many federal court decisions.

1

## EXHIBIT A

3/ It also states in Form AO 85, that withholding of consent, will **PREVENT** the Court's jurisdiction from being exercised by a magistrate judge. Petitioner avers, 28 U.S.C. 636(c), and Fed. R. Civ. P. 73, were clearly violated by the jurisdiction exercised by Magistrate Judge Smyser in issuing the ORDERS in question. Even though Pet."NEVER" consented! Magistrate judge had NO JURISDICTION to issue the ORDERS of June 22, 2001. EXHIBIT K

4/ As is shown in the Application for In Forma Pauperis which was submitted in conjunction with Petition for Writ of HAbeas Corpus 2254, there has been no substantial increase in Petitioner's income since the initiation of charges in 1982. And further;

5/ Jurisdiction granted by Law under 28 U.S.C. 636(c), & Fed. R. of Civ. P. was again violated by Magistrate Judge Smyser's issuance of the 2nd ORDER relating to AEDPA requirements. In which magistrate Judge Smyser allows until July 13, 01 for Petitioner to state whether Petitioner wishes;

1/ Have his petition ruled upon as filed. And;

2/ If his pleading is not styled as a § 2254 petition, have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. § 2244 (b), or;

3/ Withdraw his petition and file one all inclusive petition within the one year statutory period prescribed by AEDPA in 28 § 2244(d). And further;

2

EXHIBIT B

If Pet. fails to inform the court which option he chooses, "WE" will rule upon the petition as captioned.

Since both ORDERS in question were signed by Mag. Judge Smyser, one can safely assume the "WE" mentioned in the order will include Mag. Judge Smyser.

6/ Again, Pet. avers Mag. Judge Smyser had no jurisdiction to issue either order. Due to Pet.'s refusal to consent under 636(c) & Fed. R. Civ. P. 73. Pet.'s reasons for refusing consent to the jurisdiction of Mag. Judge Smyser can be found enumerated in this petition's conclusion.

**PRE-AEDPA STANDARDS CONTROL THIS PET. FOR WRIT OF HABEAS CORPUS**
7/ In addition, said ORDER pertaining to AEDPA is in error. This present Petition for Writ of Habeas Corpus does **NOT** fall under AEDPA's present stringent standards for the following reasons; 1/ On page 4 at (2) of ORDER of 6/22/01 pertaining to AEDPA standards, it clearly states: The time during which a properly filed application for state post conviction or other collateral review shall **NOT** be counted toward any limitations under this subsection;

8/ I would remind the court that, my state post conviction which preceded this current Pet. for Writ of Habeas Corpus, was filed in Comm. court (according to docketing statements) in Mar. 95. Prior to the adoption of the present AEDPA standards.

3

**EXHIBIT C**

Us v. Uchimura 107 F3d 1321-Def. is entitled to benefit of law prevailing at time of appeal, including new rules.

---

9/ It was deliberate 4 year stalling by the Comm. Pleas court (Mar. 95 to Feb. 99) which kept this present petition for writ of Habeas Corpus from being submitted years sooner. It was none of Pet.'s fault for the delay. Pet. had continually written the court begging for conclusion. Hearing was not held until Pet. filed for Writ of Mandamus to Supreme court in Aug. 98. Opinion was not filed until Feb. 99. Pet.'s PCRA was properly field prior to adoption of AEDPA in 96. Therefore this Pet. for Writ of Habeas Corpus clearly falls under the old Habeas Corpus rules and limitations. In addition;

---

U.S v. Davis 55 F3d 517 In General, passage of 2 years creates presumption of inordinate delay on appeal.

---

In Okot v. Callahan, 788 F2d 633 We noted that when a prisoner receives ineffective relief in state court BECAUSE OF UNREASONABLE DELAY, he may file a Habeas proceeding in federal court.

---

Phillips v. Vasquez 56 F3d 1030 ¶ 1. We conclude that Phillip's RIGHT TO REASONABLY PROMPT REVIEW OUTWEIGHS THE JURISPRUDENTIAL CONCERNS THAT MIGHT OTHERWISE LEAD US TO DECLINE TO REVIEW HIS PETITION.

4

## EXHIBIT D

In the foregoing case, the court has clearly stated there is a RIGHT TO A REASONABLY PROMPT REVIEW BY STATE COURTS?

---

Also, in Raynor v. Dufrain 98 civ. 0062. (4) Equitable tolling of statute of limitations for filing habeas corpus petition is warranted, **WHEN SOME EVENT EFFECTIVELY PROHIBITS PETITIONER FROM PURSUING HABEAS.**

In Pet.'s case, the event that effectively prevented me from filing habeas proceeding prior to AEDPA was the inordinate-DELIBERATE DELAY of **4YEARS** by court of Comm. Pleas.

I would refer the court to Lindh v. Murphy 96 F3d 856. The new and more stringent 1 year statutory limitation does **"NOT"** apply if your conviction became final **BEFORE** Apr. 96. That is the date established by date upon which conviction was affirmed by court of appeals. In my case, the date of affirmation was in Mar. 1987, and certainly precedes the new AEDPA. Therefore, due to all of the foregoing reasons, this present Habeas Corpus does not fall under the new AEDPA st adopted in 1996. To do so, would create a situation of APPLIED RETROACTIVE LAW.

Whereas, under the old rules a Pet, could file a Petition for Writ of Habeas Corpus at anytime, providing state remedies were exhausted, and could file more than 1 petition for writ of habeas corpus, without applying for a C.O.A., and the old rules prior to AEDPA are controlling.

5

**EXHIBIT E**

For the preceding reasons Pet. avers this current Pet. under 28 U.S.C. 2254 does **NOT** fall under the more stringent rules and limitations. In fact, it falls under the rules and limitations of the Pet. for WRIt of HAbeas Corpus which preceded the AEDPA, and should therefore be heard and considered under those rules.

## EXTREME BIAS OF MAGISTRATE JUDGE SMYSER

Pet. states he is entitled to Due Process under the Const. of the United States, and the PA Const. Due Process includes the RIGHT to have his claim heard by a **FAIR AND IMPARTIAL** fact finder. And, this RIGHT extends to judicial proceedings, which certainly includes appeals, petitions nad motions. Indeed, Appellate Courts are also fact finders for all intents as they find whether or not all laws have been complied with.

---

Porter v. Singletary 49 F3d 1483 Due Process requires that litigant's claim be heard by **FAIR AND IMPARTIAL FACT FINDER**. & Anthony v. Interform Corp. 96 F3d 692 (1) Due Process requires as a general matter opportunity to be heard at meaningful time and in a meaningful manner. (2) Citizens **MUST** be afforded Due Process before deprivation of life, liberty, or property.

Pet. avers, said IMPARTIALITY AND FAIRNESS IS UNAVAILABLE FROM Mag. Judge Smyser FOR THIS PET. (See prior unconstitutional decisions by Smyser enumerated in conclusion.

6

EXHIBIT F

Pet. has no trust in Mag. Judge Smyser's fairness, due to his prior EXTREMELY BIASED Report & Recommendation. In which he based his decision in large part upon (3) allegations that were never charged, never proven, and NOT A PART OF THE OFFICIAL RECORD. And, should not have ben used in any manner as a factor in decisions. See attached EXHIBITS O & P highlighted to show illegal allegations and untrue factors used in decisions by Smyser.

Which clearly shows he did not base his decision on proven matters or official record.

1/ Page 1, he alludes to, A CASE IN WHICH THE D.A. "MIGHT" HAVE CHARGED MORE COUNTS. It is illegal and unconstitutional to base decisions upon matters that "MIGHT" occur, but were NOT CHARGED OR TRIED IN A COURT OF LAW!

2/ Page 1. He alludes to the matter that alleged victims were Pet.'s children. This matter has NEVER BEEN PROVEN IN A COURT OF LAW. In fact, it remains to this day nothing more than mere allegation. NOT PROVEN FACT! I would further remind the court that, Pet. would not be the first man in the history of mankind to be cuckolded by a woman! Many more than once!

3/ Page 7, Mag. Judge Smyser alleges, During trial counsel did continue to attempt to advise Landau, however, Landau elected trial strategies against counsel's advice. There is NO proof i n Tr. Trans. that counsel did indeed attempt to advise Landau. In fact, alleged advice from counsel was NON-EXISTENT! The alleged

7

**EXHIBIT G**

advice counsel gave was IN FRONT OF THE JURY objection to the reading of a DEFENSE LETTER. Pet. viewed counsel's objection as a step to PREVENT DEFENSE EVIDENCE FROM REACHING THE EARS OF THE JURY. No defense counsel truly representing his client would TRY TO PREVENT THE SUBMISSION OF DEFENSE EVIDENCE, UNLESS HE WAS ACTING IN COLLUSION WITH THE D.A. Mag. Judge Smyser misinterprets entry in Tr. Trans. pages 174-184. Of course that's nothing new, HE INTERPRETS EVERYTHING IN A BIASED MANNER AGAINST THIS PET. Not once did counsel actually advise this Pet. of anything resembling trial strategy, or rules of evidence, cross examination, etc.! Nor did he ever attempt to implement a trial strategy aimed at protecting Pet.

Therefore, these allegations by Smyser remain purely a figment of his fertile but biased imagination, and not a true fact of record.

By his actions counsel DID DISCREDIT THE CREDIBILITY OF THE LETTER IN QUESTION, WHEN HE INSISTED THAT IT NOT BE READ TO JURORS. This done at sidebar but jurors were still in hearing and seeing distance of 7 to 8 ft. The jury were not deaf nor blind, so THEY CERTAINLY PICKED UP ON THE FACT THAT DEFENSE COUNSEL WAS AGAINST THE LETTER. This is NOT sound trial strategy by defense counsel to discredit defense evidence in front of jury His claimed reason was, alleged writer said she never wrote it. At this point, it was defense counsel's duty to move the court for appointment of a handwriting analyst to verify the signature on the letter. To attempt to validate defense evidence is sound trial strategy. TO ATTEMPT TO DISCREDIT

8

EXHIBIT H

**<u>DEFENSE EVIDENCE IS NOT SOUND TRIAL STRATEGY</u>!**

The fact that Smyser used this as his idiotic reason to deny writ of habeas corpus, <u>IS HIGHLY INDICATIVE THAT HE IS EXTREMELY BIASED AGAINST THIS PET.</u>


Trial judge should have barred the introduction of the letter, because it was not from alleged victims. <u>It was from their mother stating alleged victims told her charges were false.</u> As such it was hearsay, and should have been barred. Magistrate Smyser missed this point altogether in his zealous pursuit of idiot reasons to deny habeas corpus to Pet. on prior petition.


## <u>CONCLUSION</u>

Pet. strongly objects to Magistrate Smyser exercising <u>ANY</u> jurisdiction concerning the present 28 U.S.C. 2254-Writ of Habeas Corpus for the reasons herein stated.

Pet. Avers that for some reason unknown to Pet. Mag. Smyser is EXTREMELY BIASED against Pet. Which is clearly borne out by his denial of In Forma Pauperis status. A status that has been continually granted <u>BY EVERY COURT DURING THE LONG 19 YEARS OF THIS CASE</u>! Denial of In Forma Pauperis can only be viewed as HIS EXTREME BIAS AGAINST PET.


Wherefore, Pet. Lee D. Landau respectfully requests

9

EXHIBIT I

this Honorable Court grant the relief herein requested and issue an order granting;

1/ NO JURISDICTION FOR Smyser.

2/ Grant In Forma Pauperis.

3/ Consider the present Petition for Writ of Habeas Corpus under the prior less stringent rules, prior to AEDPA in 96.


Date 7/10/2001                          s/ Lee Landau

                                        Lee D. Landau

                                        Pet. PRO/SE


10

EXHIBIT J

| NAME | | FIRST | MIDDLE | SUFFIX | CASE NUMBER |
|------|---|-------|--------|--------|-------------|
| Landau | | Lee | David | Jr. | CR-82-448 |

| DATE | IDENTIFICATION |
|------|----------------|
| ●2-94 | @ 1:05 P.M. Copy of Appellants Brief by Lee David Landau Filed. |
| 09-13-94 | @ 12:21 P.M. Complete file, Docket Sheet, and Certified Copy of Order received fro |
| | the Superior Court of Penna. Filed. (AND NOW, this 4th day of August, 1994, |
| | the brief submitted by appellant is substantially defective in that there is |
| | almost total noncompliance with the Pennsylvania Rules of Appellate Procedure |
| | related to form and content of briefs, thereby preventing this Court from |
| | ascertaining whether this appeal has any possible merit, the above appeal is |
| | hereby QUASHED. Pa.R.A.P. 2101; Commonwealth v. Drew, 353 Pa. Super. 632, |
| | 510 A.2d 1244 (1986). Per Curiam) Placed in Superior Court File |
| 04-12-95 | @ 9:51 A.M. Commonwealth's Answer To Defendant's Motion For Post Conviction |
| | Collateral Relief by Anthony J. Rosini, A.D.A. Filed. |
| 04-25-95 | @ 10:46 A.M. Affidavit Of Service by Anthony J. Rosini, A.D.A. Filed. |
| 10-31-96 | @ 2:13 P.M. Motion For Post Conviction Collateral Relief and Unsworn Declaration |
| | Lee D. Landau, Deft., Filed. |
| 11-01-96 | @ 3:27 P.M. Order of October 31, 1996 Filed. (Rule returnable on Nov. 26, 1996. |
| | Susan Schwartz, Esq., is appointed Counsel.) /s/ Robert B. Sacavage, J. |
| 11-26-96 | @ 2:23 P.M. Petition For Extension Of Time Within Which To File An Answer by John |
| | Muncer, A.D.A. Filed. |
| 11-26-96 | @ 3:50 P.M. Order of November 26, 1996 Filed. (Commonwealth's Petition for Exten |
| | of Time to File an Answer is granted. Commonwealth shall file Answer within |
| | days following the filing of an amended petition under the Post Conv. Relief |
| | /s/ Robert B. Sacavage, J. |
| 10-08-97 | @ 11:13 A.M. Motion To Remove Appeal Counsel Of Record by Lee D. Landau Filed. |
| 10-08-97 | @ 11:14 A.M. Motion To Appoint Replacement Counsel by Lee D. Landau Filed. |
| 10-08-97 | @ 11:14 A.M. Motion To Proceed To Hearing by Lee D. Landau Filed. |

A.D.A. Rosini COULD NOT HAVE "sent answer to Def. PCRA Motion, and

filed Affidavit of service "18 months before" PCRA was filed!" He

may be a good D.A. but he's "no magician"!

The court will please NOTE, PCRA was filed in Mar. 95, but as

of 10/08/97 no hearing had been held, and it still took another

year to 9/29/98 to get a hearing. INTENTIONAL DELAY BY COURT!

EXHIBIT K

| NAME | | FIRST | MIDDLE | SUFFIX | CASE NUMBER |
|------|--|-------|--------|--------|-------------|
| Landau | | Lee | David | Jr. | CR-82-450 |

| DATE | IDENTIFICATION |
|------|----------------|
| | PER CURIAM.) |
| 06- 94 | Complete file & docket entries sent to the Superior Court of Penna. by Certified Mail #Z 781 688 337. |
| 06-17-94 | @ 4:15 P.M Copy of Motion For Extension Of Time To File Briefs and Reproduce Records, Motion For Additional Records, and Certificate Of Service by Lee David Landau, Jr., Filed to CR-82-448. |
| 08-02-94 | @ 1:05 P.M. Copy of Appellants Brief by Lee David Landau Filed to CR-82-448. |
| 09-13-94 | @ 12:21 P.M. Complete file, Docket Sheet, and Certified Copy of Order received from the Superior Court of Penna. Filed.  (AND NOW, this 4th day of August, 1994, a the brief submitted by appellant is substantially defective in that there is almost total noncompliance with the Pennsylvania Rules of Appellate Procedure related to form and content of briefs, thereby preventing this Court from ascertaining whether this appeal has any possible merit, the above appeal is hereby QUASHED.  Pa.R.A.P. 2101; Commonwealth v. Drew, 353 Pa. Super. 632, 510 A.2d 1244 (1986).  Per Curiam)  Placed in Superior Court File |
| 04-12-95 | @ 9:51 A.M. Commonwealth's Answer To Defendant's Motion For Post Conviction Collateral Relief by Anthony J. Rosini, A.D.A. Filed to CR-82-448. |
| 04-25-95 | @ 10:46 A.M. Affidavit Of Service by Anthony J. Rosini, A.D.A. Filed to CR-82-448. |
| 10-31-96 | @ 2:13 P.M. Motion For Post Conviction Collateral Relief and Unsworn Declaration b Lee D. Landau, Deft., Filed to CR-82-448. |
| 11-01-96 | @ 3:27 P.M. Order of October 31, 1996 Filed to CR-82-448.  (Rule returnable on Nov 26, 1996.  Susan Schwartz, Esq., is appointed Counsel.)  /s/ Robert B. Sacavag |
| 11-26-96 | @ 2:23 P.M. Petition For Extension Of Time Within Which To File An Answer by John Muncer, A.D.A. Filed to CR-82-448. |
| 11-26-96 | @ 3:50 P.M. Order of November 26, 1996 Filed to CR-82-448.  (Commonwealth's Petiti for Extension of Time to File an Answer is granted.  Commonwealth shall file A within 10 days following the filing of an amended petition under the Post Conv Relief Act.)  /s/ Robert B. Sacavage, J. |
| 10-08-97 | @ 11:13 A.M. Motion To Remove Appeal Counsel Of Record by Lee D. Landau Filed to CR-82-448. |
| 10-08-97 | @ 11:14 A.M. Motion To Appoint Replacement Counsel by Lee D. Landau Filed to CR-82- |
| 10-08-97 | @ 11:14 A.M. Motion To Proceed To Hearing by Lee D. Landau Filed to CR-82-448. |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

EXHIBIT L

| NAME | | FIRST | MIDDLE | SUFFIX | CASE NUMBER |
|------|---|-------|--------|--------|-------------|
| Landau | | Lee | David | Jr. | CR-82-45 |

| DATE | IDENTIFICATION |
|------|----------------|
| | PER CURIAM.) |
| 06-15-94 | Complete file & docket entries sent to the Superior Court of Penna. by Certified #Z 781 688 337. |
| 06-17-94 | @ 4:15 P.M. Copy of Motion For Extension Of Time To File Briefs and Reproduce Records, Motion For Additional Records, and Certificate Of Service by Lee David Landau, Jr., Filed to CR-82-448. |
| 08-02-94 | @ 1:05 P.M. Copy of Appellants Brief by Lee David Landau Filed to CR-82-448. |
| 09-13-94 | @ 12:21 P.M. Complete file, Docket Sheet, and Certified Copy of Order received f the Superior Court of Penna. Filed. (AND NOW, this 4th day of August, 1994 the brief submitted by appellant is substantially defective in that there i almost total noncompliance with the Pennsylvania Rules of Appellate Procedu related to form and content of briefs, thereby preventing this Court from ascertaining whether this appeal has any possible merit, the above appeal i hereby QUASHED. Pa.R.A.P. 2101; Commonwealth v. Drew, 353 Pa. Super. 632, 510 A.2d 1244 (1986). Per Curiam) Placed in Superior Court File |
| 04-12-95 | @ 9:51 A.M. Commonwealth's Answer To Defendant's Motion For Post Conviction Collateral Relief by Anthony J. Rosini, A.D.A. Filed to CR-82-448. |
| 04-25-95 | @ 10:46 A.M. Affidavit Of Service by Anthony J. Rosini, A.D.A. Filed to CR-82-448 |
| 10-31-96 | @ 2:13 P.M. Motion For Post Conviction Collateral Relief and Unsworn Declaration Lee D. Landau, Deft., Filed to CR-82-448. |
| 11-01-96 | @ 3:27 P.M. Order of OCtober 31, 1996 Filed to CR-82-448. (Rule returnable on 26, 1996. Susan Schwartz, Esq., is appointed Counsel.) /s/ Robert B. Saca |
| 11-26-96 | @ 2:23 P.M. Petition For Extension Of Time Within Which To File An Answer by Jo Muncer, A.D.A. Filed to CR-82-448. |
| 11-26-96 | @ 3:50 P.M. ORder of November 26, 1996 Filed to CR-82-448. (Commonwealth's Peti for Extension of Time to File an Answer is granted. Commonwealth shall fi Answer within 10 days following the filing of an amended petition under the Conv. Relief Act.) /s/ Robert B. Sacavage, J. |
| 10-08-97 | @ 11:13 A.M. Motion To Remove Appeal Counsel Of Record by Lee D. Landau Filed to CR-82-448. |
| 10-08-97 | @ 11:14 A.M. Motion To Appoint Replacement Counsel by Lee D. Landau Filed to CR- |
| 10-08-97 | @ 11:14 A.M. Motion To Proceed To Hearing by Lee D. Landau Filed to CR-82-448. |

EXHIBIT M

AO 85 (Rev. 8/97) Notice, Consent, and Order of Reference – Exercise of Jurisdiction by a United States Magistrate Judge

# UNITED STATES DISTRICT COURT

——————————— District of ———————————

Plaintiff  −Landau

v.

Defendant −Shannon

NOTICE, CONSENT, AND ORDER OF REFERENCE −
EXERCISE OF JURISDICTION BY A UNITED STATES
MAGISTRATE JUDGE

Case Number:   3:01−cv−01025

## NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION

In accordance with the provisions of 28 U.S.C. 636(c), and Fed.R.Civ.P. 73, you are hereby notified that a United States magistrate judge of this district court is available to conduct any or all proceedings in this case including a jury or nonjury trial, and to order the entry of a final judgment. Exercise of this jurisdiction by a magistrate judge is, however, permitted only if all parties voluntarily consent.

You may, without adverse substantive consequences, withhold your consent, but this will prevent the court's jurisdiction from being exercised by a magistrate judge. If any party withholds consent, the identity of the parties consenting or withholding consent will not be communicated to any magistrate judge or to the district judge to whom the case has been assigned.

An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of a district court.

## CONSENT TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE

In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case hereby voluntarily consent to have a United States magistrate judge conduct any and all further proceedings in the case, including the trial, order the entry of a final judgment, and conduct all post−judgment proceedings.

| Signatures | Party Represented | Date |
|---|---|---|
| I NEVER CONSENTED! | | |
| | | |
| | | |

## ORDER OF REFERENCE

IT IS HEREBY ORDERED that this case be referred to ————————————————
United States Magistrate Judge, for all further proceedings and the entry of judgment in accordance with 28 U.S.C. 636(c),
Fed.R.Civ.P. 73 and the foregoing consent of the parties.

————————————                    ————————————————
Date                                                    United States District Judge

NOTE:   RETURN THIS FORM TO THE CLERK OF THE COURT ONLY IF ALL PARTIES HAVE CONSENTED ON THIS FORM TO THE EXERCISE OF JURISDICTION BY A UNITED STATES MAGISTRATE JUDGE.

**EXHIBIT N**

COPY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE DAVID LANDAU, JR.,          :          CIVIL NO. 1:CV-94-0053
          Petitoner                     :
                                        :
          v.                            :          (Judge Caldwell)
                                        :
WILLIAM J. LOVE AND              :          (Magistrate Judge Smyser)
THE ATTORNEY GENERAL             :          HARRISBURG, PA
OF THE COMMONWEALTH OF           :
PENNSYLVANIA,                    :
          Respondents            :                      1994

LANCE S. WILSON, CLERK
PER _____
          DEPUTY CLERK

## REPORT AND RECOMMENDATION

Landau was convicted in state court of rape offenses, statutory rape offenses, and corrupting the morals of minors. He was convicted of seven counts in all, in a case in which the prosecution might have charged more counts because the case was one involving repeated episodes by Landau of subjecting his son and two daughters to forced sexual intercourse with one another and his two daughters to forced sexual intercourse with himself.

Landau waived his right to representation by counsel and represented himself at his jury trial. He was convicted and was sentenced to a 25 to 50 year prison term.

The amended petition raises a number of ostensibly distinct claims under the Sixth Amendment in this 28 U.S.C. §2254 habeas corpus petition. The petition claims that Landau did not voluntarily, knowingly, and intelligently abandon his right to counsel, that the trial court did not

( page 1)

EXHIBIT O

Landau's case, where he had been through a criminal trial as a codefendant several months prior to this trial, where he expressed no interest in other counsel but rather clearly was seeking to represent himself, where he expressed no dissatisfaction with his appointed attorney, and in fact sought the trial court's assurance that Mr. Michetti would represent him if there were to be an appeal, where Landau elected to have Mr. Michetti assist in jury selection, and where the reason for Landau's decision was that he held confidential information that he felt that he could use in cross-examining witnesses and that he did not want to reveal to any attorney, there was no occasion for there to be any greater colloquy than there was about possible substitute counsel or about dissatisfaction with appointed counsel. The trial court's discussion with Landau of his right to counsel and of his relinquishment of a "very valuable and important service" was adequate under the <u>Jones</u> decision.

Furthermore, during trial counsel did continue to attempt to advise Landau; however, Landau elected trial strategies against counsel's advice that appeared to be unsound and poorly conceived. <u>See</u>, <u>e.g.</u>, Tr. 174-184.

In that Landau knowingly and voluntarily waived his right to be represented by an attorney, and although counselled by an attorney rejected the advice of counsel, his Sixth Amendment right to counsel was not violated.

( page 7)

EXHIBIT P

## CERTIFICATE OF SERVICE

This certifies that I LEE D. LANDAU/Pet.Pro/Se did serve copies of OBJECTION TO REPORT & RECOMMENDATION OF MAG. JUDGE SMYSER, OF Aug. 10/01, upon the following and in the manner described. This satisfies Fed. R. of App. Proc.

### BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

Mag. Judge Andrew Smyser

Clerks Office

U.S. Dist. Court

228 Walnut St. P.O.B. 983

Harrisburg PA 17108

&

**PA. Att. General Fisher**

1512 Strawberry Sq.

Harrisburg, PA 17120

&

**J. William Caldwell**

Clerk's Office

U.S. Dist. Court

228 Walnut St. P.O.B 983

Harrisburg PA 17108

### BY INSTITUTIONAL MAIL HANDED DIRECTLY TO
### J-BLOCK MANAGER Delbalso.

Robert Shannon/Warden

S.C.I. Mahanoy

DATE __8/17__ ,2001                    s/ _Lee Landau_

## CERTIFICATE OF SERVICE

This certifies that I LEE D. LANDAU/Pet.Pro/Se did serve copies of OBJECTION TO REPORT & RECOMMENDATION OF MAG. JUDGE SMYSER, OF Aug. 10/01, upon the following and in the manner described. This satisfies Fed. R. of App. Proc.

### BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS;

Mag. Judge Andrew Smyser

Clerks Office

U.S. Dist. Court

228 Walnut St. P.O.B. 983

Harrisburg PA 17108

&

PA. Att. General Fisher

1512 Strawberry Sq.

Harrisburg, PA 17120

&

J. William Caldwell

Clerk's Office

U.S. Dist. Court

228 Walnut St. P.O.B 983

Harrisburg PA 17108

### BY INSTITUTIONAL MAIL HANDED DIRECTLY TO
### J-BLOCK MANAGER Delbalso.

Robert Shannon/Warden

S.C.I. Mahanoy

DATE 8/17 ,2001                    s/ _Lee Landau_