IN THE

U.S. COURT OF APPEALS

3rd Circuit



RECEIVED
AUG 1 3 2001
U.S.C.A. 3rd. CIR.

No. 1:01-cv-01025

LEE D. LANDAU

Appellant

FILED
HARRISBURG, PA

AUG 1 3 2001

MARY E. D'ANDREA, CLERK
PER_____
DEPUTY CLERK

v.

ROBERT SHANNON-Superintendent

&

The Att. General of PA.

Appellees

MEMORANDUM IN SUPPORT OF PETITIONER'S

APPEAL FROM ORDER OF AUG. 3/2001

Lee D. Landau-Petitioner/Pro-Se

S.C.I. Mahanoy

301 Morea Rd.

Frackville, PA 17932

## CITATIONS

Fed. R. Civ. P. 73 & 636(c) & 72 & 73.1(d)

U.S. Const. Amends. 6 & 14

US v. Levi, 111 F3d 955.

US v. DETERS 143 F3d 577.

## TABLE OF CONTENTS

ORDER OF AUG. 3/2001 Pages a & b.

Both ORDERS OF JUNE 22/2001 Pages c thru h.

Procedural History-Page 2.

Memorandum In Support of Appeal of ORDER of Aug. 3/2001-Pages 3 & 4.

Three Issues of Appeal of July, 10/2001, NOT ADDRESSED by ORDER of Aug. 3/2001-Pages 6 thru 7. Consisting of;

(1) DENIAL OF IN FORMA PAUPERIS Page 6.

(2) EXTREME BIAS OF MAG. JUDGE SMYSER TOWARD PETITIONER. Page 6

(3) PETITION FOR WRIT OF HABEAS CORPUS CONTROLLED BY PRE-AEDPA STANDARDS. Page 7.

Conclusion Pages 7 & 8.

EXHIBITS OF MAG. JUDGE'S EXTREME BIAS AGAINST PETITIONER-Pages A & B- at rear. As outlined in Appeal of July 10/2001, Pages 6 thru 9.

## PROCEDURAL HISTORY

On 6/08/01 Pet. filed a Pet. for Writ of Habeas Corpus under 28 U.S.C. 2254.

On 6/13/01 Pet. received Form AO 85 Notice of availability of Mag. Judge to assume Jurisdiction.
Pet. refused to consent to Mag. Judge jurisdiction.

On 6/25/01 Pet. received two ORDERS signed by Mag. Judge Smyser.

On 7/10/01 Pet. Filed Appeals from both orders of Mag. Judge Smyser.

NOW COMES Pet. and appeals the ORDER Of Aug. 3/01 issued in answer to the above appeals. For the following reasons;

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE LANDAU,
      Petitioner           :

                           :

        vs.             :      CIVIL ACTION NO. 1:CV-01-1025

                           :

ROBERT SHANNON,
      Respondent          :

**FILED**
HARRISBURG, PA

AUG 3 2001

O R D E R

MARY E. D'ANDREA, CLERK
Per _____
           Deputy Clerk

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

        On July 12, 2001, petitioner filed an appeal from orders
entered in this action by Magistrate Judge Smyser on June 22,
2001. On that date Judge Smyser denied petitioner's application
to proceed in forma pauperis and required him to pay a filing fee
of $5.00. The sole basis for the appeal is petitioner's
contention that the Magistrate Judge has no authority in this case
and that he did not consent to jurisdiction by the magistrate
judge.

        Petitioner's unwillingness to consent to jurisdiction by
the magistrate judge does not preclude the magistrate judge from
handling <u>pre-trial</u> proceedings. Fed. R. Civ. P. 73 provides for
jurisdiction by the magistrate judge for <u>all</u> proceedings
(including trial) where the parties consent to such. However,
Federal Rule 72 cloaks the magistrate judge with jurisdiction to
decide pre-trial and non-dispositive matters in cases referred by

the court to a magistrate judge. This is such a case. Local Rul

LR 73.1(d) provides the authority for the assignment of civil

cases to a magistrate judge for pre-trial proceedings, pursuant t

the rotational assignment plan of the court.

Finding no merit in petitioner's appeal (doc. 8) the

same is denied and the case is remanded to Magistrate Judge Smyse

for further proceedings.

William W. Caldwell
United States District Judge

Date: August 3, 2001

2

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE LANDAU,                          :        CIVIL NO. **1:01-CV-1025**
                                     :
                Petitioner           :        (Judge Caldwell)
        v.                           :
                                     :        (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,              :
                                     :
                Respondent           :

**FILED**
**HARRISBURG, PA**

                    ORDER                   JUN 2 2 2001

                                     MARY E. D'ANDREA, CLERK
                                     PER _____
                                              DEPUTY CLERK

        **IT IS ORDERED** that:

        (1) Petitioner's application to proceed *in forma pauperis*

is **DENIED**; and

        (2) Petitioner shall pay the $5.00 filing fee on or before

**July 13, 2001** or show cause why he is unable to do so.

                                     J. Andrew Smyser
                                     Magistrate Judge

Dated:   June _22_, 2001.

AO 72A

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

LEE LANDAU,                        :     CIVIL NO. **1:01-CV-1025**
                                   :
              Petitioner           :     (Judge Caldwell)
     v.                            :
                                   :     (Magistrate Judge Smyser)
ROBERT SHANNON, Warden,            :
                                   :                    **FILED**
              Respondent           :            **HARRISBURG, PA**

                        ORDER                   JUN 2 2 2001

                                        E. MARY E. D'ANDREA, CLERK
                                        PER_____
                                                   DEPUTY CLERK

          On April 30, 2001, the petitioner, a state prisoner

proceeding *pro se*, filed a petition for a writ of habeas corpus

pursuant to 28 U.S.C. § 2254.   The Antiterrorism Effective Death

Penalty Act (AEDPA) bars state prisoners from attacking their

convictions through second or successive habeas corpus petitions

except in very limited circumstances. *See* 28 U.S.C. § 2244(b).

AEDPA also imposes a one year statute of limitations on petitions

for a writ of habeas corpus. *See* 28 U.S.C. § 2244(d).   "Habeas

petitioners must therefore be careful to avoid the twin procedural

bars that AEDPA has created." *United States v. Miller*, 197 F.3d

644, 649 (3d Cir. 1999).   To avoid making successive claims,

petitioners must marshal in one § 2254 petition all of the

arguments they have to collaterally attack their convictions.   *Id*

And in order to avoid being time barred, they must take care to

file this one all-inclusive petition within one year of the date

on which the judgment of conviction becomes final.   *Id*.   Pursuant

to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000), the district

court is required to give to the petitioner notice regarding the
effects of filing a § 2254 petition in light of AEDPA and advise
the petitioner that he can (1) have his petition ruled upon as
filed; (2) if his pleading is not styled as a § 2254 petition have
his pleading recharacterized as a § 2254 petition and heard as
such, but lose his ability to file a second or successive petition
absent certification by the court of appeals as required by 28
U.S.C. § 2244(b); or (3) withdraw his petition and file one all-
inclusive petition within the one-year statutory period prescribed
by AEDPA in 28 U.S.C. § 2244(d).  In addition to what is explained
above, to fulfill the notice requirement of *Mason*, we set forth
the relevant provisions of 28 U.S.C. § 2244:

> (b)(1) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was presented in a prior application
> shall be dismissed.
>
> (2) A claim presented in a second or
> successive habeas corpus application under section
> 2254 that was not presented in a prior application
> shall be dismissed unless–
>
> (A) the applicant shows
> that the claim relies on a new rule of
> constitutional law, made retroactive to cases
> on collateral review by the Supreme Court,
> that was previously unavailable;  or
> (B)(i) the factual
> predicate for the claim could not have been
> discovered previously through the exercise of
> due diligence; and
> (ii) the facts
> underlying the claim, if proven and viewed in
> light of the evidence as a whole, would be
> sufficient to establish by clear and
> convincing evidence that, but for
> constitutional error, no reasonable

factfinder would have found the applicant guilty of the underlying offense.

(3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

(4) A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.

(c) In a habeas corpus proceeding brought in behalf of a person in custody pursuant to the judgment of a State court, a prior judgment of the Supreme Court of the United States on an appeal or review by a writ of certiorari at the instance of the prisoner of the decision of such State court, shall be conclusive as to all issues of fact or law with respect to an asserted denial of a Federal right which constitutes ground for discharge in a habeas corpus proceeding, actually adjudicated by the Supreme Court therein, unless the applicant for the writ of habeas corpus shall plead and the court shall find the existence of a material and controlling fact which did not appear in the record of the proceeding in the Supreme Court and the court shall further find that the

applicant for the writ of habeas corpus could not
have caused such fact to appear in such record by
the exercise of reasonable diligence.
   (d)(1) A 1-year period of limitation shall
apply to an application for a writ of habeas
corpus by a person in custody pursuant to the
judgment of a State court.  The limitation period
shall run from the latest of—
      (A) the date on which the
  judgment became final by the conclusion of
  direct review or the expiration of the time
  for seeking such review;
      (B) the date on which the
  impediment to filing an application created
  by State action in violation of the
  Constitution or laws of the United States is
  removed, if the applicant was prevented from
  filing by such State action;
      (C) the date on which the
  constitutional right asserted was initially
  recognized by the Supreme Court, if the right
  has been newly recognized by the Supreme
  Court and made retroactively applicable to
  cases on collateral review;  or
      (D) the date on which the
  factual predicate of the claim or claims
  presented could have been discovered through
  the exercise of due diligence.
  (2) The time during which a properly filed
application for State post- conviction or other
collateral review with respect to the pertinent
judgment or claim is pending shall not be counted
toward any period of limitation under this
subsection.


  AND NOW, this 22nd day of June, 2001, **IT IS HEREBY ORDERE**

that on or before **July 13, 2001**, the petitioner shall inform the

court whether he wants to (1) have his petition ruled upon as

filed; (2) if his pleading is not styled as a § 2254 petition,

have his pleading recharacterized as a § 2254 petition and heard

as such, but lose his ability to file a second or successive

petition absent certification by the court of appeals as required

by 28 U.S.C. § 2244(b); or (3) withdraw his petition and file one

all-inclusive petition within the one-year statutory period prescribed by AEDPA in 28 U.S.C. § 2244(d).  If the petitioner fails to inform the court which option he chooses, we will rule on the petition as captioned.

J. Andrew Smyser
Magistrate Judge

Dated:   June 22, 2001.

IN THE

UNITED STATES COURT OF APPEALS

FOR THE THIRD CIRCUIT


LEE D. LANDAU                                    :(

     Appellant                                :


     v.

Robert Shannon                                   :

     &                                        :

The Att. General of PA                           :

     Appellees                                :


---

MEMORANDUM IN SUPPORT OF PETITIONER'S

APPEAL FROM ORDER OF AUG. 3/2001

---


AND NOW comes the Petitioner, Lee D. Landau-PRO/SE and avers;


By ORDER dated August 3/2001, the United States Dist. Court for the Middle Dist. of PA, Caldwell J., denied Petitioner's appeal of ORDERS of June, 22, 2001, citing;

1/ ¶ 1, The sole basis for the appeal is Pet. contention that Mag. Judge Smyser has no authority in this case;

IN FACT; Pet. never claimed Mag. Judge had no authority. Pet. claimed Mag. Judge Smyser HAD NO JURISDICTION! As Authority for the denial of appeal Court cites,

Fed. R. Civ. P. 73 & 72 & LR 73.1(d). This is error because none of the cited rules confers jurisdiction upon Mag. Judge Smyser. FOR THE FOLLOWING REASONS;

PET. DID NOT CONSENT TO JURISDICTION OF

FED. MAG. JUDGE

1/ App./Plaintiff did "NOT" sign and return to Clerk of Courts Form AO 85-NOTICE OF AVAILABILITY OF A UNITED STATES MAGISTRATE JUDGE TO EXERCISE JURISDICTION. Governed by provisions of 28 U.S.C. 636(c) & Fed. R. Cov. P. 73. Magistrate Judge Smyser had NO JURISDICTION to conduct "ANY" proceedings involved in the Application for Writ of Habeas Corpus, including the corresponding, and accompanying Application for In Forma Pauperis Status.

2/ In Form AO 85, ¶ 2, it clearly states, you may, WITHOUT SUBSTANTIVE CONSEQUENCES, withhold your consent. App./Plaintiff avers he has already suffered an adverse substantive consequence by the denial of In Forma Pauperis status, which has been granted by EVERY JUDGE SINCE START OF CASE, Such ORDER created an extremely adverse consequence for App./Plaintiff because it not only denies In Forma Pauperis, it also precludes appointment of counsel for an indigent petitioner. A right granted under U.S. Const. 6 & 14. And many federal court decisions.

3. It also states in Form AO 85, that withholding of consent, will

PREVENT THE COURTS JURISDICTION FROM BEING EXERCISED BY A MAG. JUDGE. App./Plaintiff avers, 28 U.S.C. 636(c) and Fed. R. Civ. P. 73 were clearly violated by the jurisdiction exercised by Mag. Judge Smyser in issuing the ORDERS in question. Even though App./Plaintiff "NEVER" consented! Mag. Judge had no jurisdiction to issue ORDERS of June 22. 2001.

4/ Jurisdiction granted by law under 28 U.S.C. 636(c), & Fed. R. of Civ. P. was again violated by Mag. Judge Smyser's issuance of the 2nd order relating to ARDPA requirements. In which Mag. Judge Smyser allows until July, 13. 01 for App./Plaintiff to state whether App./Plaintiff wishes;
a/ Have his petition ruled upon as filed. And;
b/ If his pleading is not styled as § 2254 petition, have his pleading recharacterized as a § 2254 petition and heard as such, but lose his ability to file a second or successive petition absent certification by the court of appeals as required by 28 U.S.C. §2254 (b), or;
c/ Withdraw his petition and file on all inclusive petition within one year statutory period prescribed by AEDPA in 28 § 2244.

Said ORDER of Aug. 3/2001, by Judge Caldwell claims the SOLE basis for the appeal was the contention that Mag. Judge Smyser had no jurisdiction, according to Fed. R. Civ. P. 73, and 28 U.S.C. 636(c). Alleged SOLE basis for appeal is Pure error.

There were in fact 4 issues in appeal. Three of which were ignored by Judge Caldwell. Herein presented following

jurisdictional matters;

1/ Said ORDER of Aug. 3/2001 alleges Fed. R. Civ. P. 73 does not preclude Mag. from handling PRE-TRIAL proceedings.

1/ It is Pet. contention that, Petition for Writ of Habeas Corpus is NOT a PRE-TRIAL  MATTER. Certainly due to the effect of the requirements of exhaustion of state remedies, the Writ of Habeas Corpus can in no way be described as PRE-TRIAL MATTER! There could be no issue requiring exhaustion of state remedies, if the Pet. For Writ of Habeas Corpus was filed PRIOR TO TRIAL! Therefore Fed. R. Civ. P. 73 does NOT provide for Mag. Judge jurisdiction in this matter, because this matter of Pet. for Writ of Habeas Corpus is POST TRIAL, "NOT" PRE-TRIAL. And further;


2/ Rule 72 does NOT cloak the mag. Judge with jurisdiction due to the fact this Pet. for Writ of Habeas Corpus is NOT a PRE-TRIAL MATTER. And further;


3/ Local Rule 73.1(d) also alludes to PRE-TRIAL proceedings. Since Pet. for Writ of Habeas Corpus is NOT a PRE-TRIAL MATTER, Local Rule 73.1(d) is "NOT CONTROLLING" and does NOT provide jurisdiction to Mag. Judge Smyser.


JURISDICTION OF MAG. JUDGE IS NOT

SOLE CONTENTION OF APPEAL OF JULY 10/2001

Court failed to address the following issues clearly elucidated in Pet. appeal of July 10/2001.

## DENIAL OF IN FORMA PAUPERIS PRECLUDES
## ASSIGNMENT OF COUNSEL

Court failed to address Denial of In Forma Pauperis status prohibits assignment of counsel to prosecute Writ of Habeas Corpus. Despite the fact that a MOTION FOR ASSIGNMENT OF COUNSEL WAS SUBMITTED AT SAME TIME AS APPEAL FROM ORDER OF JUNE 22/2001. It was also NOT ANSWERED. And further;

Order of JUNE 22/2001 Mag. Judge Smyser ordering Petitioner to pay filing fee is in violation of;
US V. LEVI, 111 F3d 955, Filing fee payment requirements of Prison Litigation Reform Act of 1995, DO NOT APPLY to Motions to Vacate, Set Aside, or Correct Sentence, or to HABEAS CORPUS PROCEEDINGS.

As is shgown in the Application for In Forma Pauperis which was submitted in conjunction with the Pet. for Writ of Habeas Corpus 2254, there has been no significant increase in Pet.'s income since the initiation of charges in 1982.


## EXTREME BIAS OF MAG. JUDGE SMYSER
## TOWARD PETITIONER

Court failed to address EXTREME BIAS of Mag. Judge Smyser, as clearly outlined in Appeal of July 10/2001, pages 6 thru 9. EXHIBITS DEMONSTRATING BIAS OF MAG. JUDGE SMYSER ATTACHED AT REAR OF APPEAL FROM ORDER OF JUNE 22/2001.

US V. DETERS 143 F3d 577, (10 Cir.) When government action deprives a person of life, liberty, or property without FAIR PROCEDURES, it VIOLATES PROCEDURAL DUE PROCESS.

 )

### PET. FOR WRIT OF HABEAS CORPUS CONTROLLED
### BY PRE-AEDPA STANDARDS

Court failed to address issue as to whether Writ of Habeas Corpus falls under pre-AEDPA standards because of state court deliberate stalling of 4 years on PCRA, and state court deliberately characterizing PCRA as filed in 1996. Court Dock. statements clearly show PCRA filed in Mar. 1995, not Oct. 1996 as court claims. As is clearly outlined in appeal pages 3 thru 6. And further;

In addition Petitioner's direct appeal became final in Mar. 1987. I refer the court to;

Lindh v. Murphy 96 F3d 856, which states AEDPA standards do NOT apply if conviction became final prior to Apr. 24, 1996.

Therefore, under the forementioned the controlling force for this instant Pet. for Writ of Habeas Corpus should be according to PRE-AEDPA standards.

To apply the new and more stringent standards of AEDPA upon a case that was final adjudicated in 1987 is to apply retroactive law!

In addition, see other reasons outlined in Appeal of July 10/2001, pages 3 thru 6. Here attached.

### CONCLUSION

Such stretching of authority by manipulation of Rules, Statutes, and Prior Decisions, does not legally or Constitutionally bestow jurisdiction upon Mag. Judge, and such antics can only be seen as an attempt to circumvent Rules, Statutes, and Prior Decisions in order to Illegally and

Unconstitutionally deny Petitioner's Petition for Writ of Habeas Corpus, by 'recting roadblocks of jurisdiction granted the courts by fictional Rule assessments. Petitioner avers that such actions by courts have been common place in his pursuit of appeals and Writs of Habeas Corpus. Due to Appellate Courts fear of public and media flack if they give an accused sex offender and even and HONEST break! Or Equal Protection of the Law! So pervasive, and insidious has been the constant media flack generated by political office seekers concerning alleged sex offenders, courts are now afraid to HONESTLY adjudicate appeals, and grant relief where laws and Constitutions have been openly violated! Such dereliction of duty of office was also prevalent in Salem, Mass. during the 1600 witch hunts and trials! It now appears the moral backbone of the courts has "NOT" improved one iota since Salem!

From experience of 19 years  seeking relief by appeals, it appears that, no matter how badly treated prior to trial, during trial, and in appeals, courts are so fearful of media and public flack they will go to any lengths to deny an alleged sex offender his birthright! His equal protection of the law, and Constitutions both state and federal! It appears courts do not care how much injustice a man suffers, as long as their decisions do not reflect badly upon them at election time, or during appointment by politicians to seats of authority!

For all the preceding reasons, Petitioner requests this court issue an order granting;

1/ Vacating ORDER og Aug. 3/2001 by Caldwell J.

2/ Remove Writ of Habeas Corpus in question from the jurisdiction

of Mag. Judge Smyser.

3/ Order Middle Court to address "ALL" the issues presented in
Petitioner's appeal of July 10/2001.

4/  Order Middle Court to Rule upon Motion for Appointment  of
Counsel, submitted on July 10/2001.

   And any other relief available to Petitioner under the Rights
Granted him by U.S. Constitution.

                              Submitted/Pro-Se

                              Lee D. Landau AK-7928

                              S.C.I. Mahanoy

                              301 Morea Rd.

                              Frackville, PA 17932

COPY

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

FEDERAL PUBLIC DEFENDER
HARRISBURG, PENNSYLVANIA

LEE DAVID LANDAU, JR.,                :        CIVIL NO. 1:CV-94-0053
          Petitoner                   :
                                      :
     v.                               :
                                      :        (Judge Caldwell)
                                      :
WILLIAM J. LOVE AND                   :        (Magistrate Judge Smyser)
THE ATTORNEY GENERAL                  :
OF THE COMMONWEALTH OF                :        HARRISBURG, PA
PENNSYLVANIA,                         :
          Respondents                 :                      1994

LANCE S. WILSON, CLERK
PER [signature]
                    DEPUTY CLERK

## REPORT AND RECOMMENDATION

Landau was convicted in state court of rape offenses, statutory rape offenses, and corrupting the morals of minors.  He was convicted of seven counts in all, in a case in which the prosecution might have charged more counts because the case was one involving repeated episodes by Landau of subjecting his son and two daughters to forced sexual intercourse with one another and his two daughters to forced sexual intercourse with himself.

Landau waived his right to representation by counsel and represented himself at his jury trial.  He was convicted and was sentenced to a 25 to 50 year prison term.

The amended petition raises a number of ostensibly distinct claims under the Sixth Amendment in this 28 U.S.C. §2254 habeas corpus petition.  The petition claims that Landau did not voluntarily, knowingly, and intelligently abandon his right to counsel, that the trial court did not

Landau's case, where he had been through a criminal trial as a codefendant several months prior to this trial, where he expressed no interest in other counsel but rather clearly was seeking to represent himself, where he expressed no dissatisfaction with his appointed attorney, and in fact sought the trial court's assurance that Mr. Michetti would represent him if there were to be an appeal, where Landau elected to have Mr. Michetti assist in jury selection, and where the reason for Landau's decision was that he held confidential information that he felt that he could use in cross-examining witnesses and that he did not want to reveal to any attorney, there was no occasion for there to be any greater colloquy than there was about possible substitute counsel or about dissatisfaction with appointed counsel. The trial court's discussion with Landau of his right to counsel and of his relinquishment of a "very valuable and important service" was adequate under the Jones decision.

Furthermore, during trial counsel did continue to attempt to advise Landau; however, Landau elected trial strategies against counsel's advice that appeared to be unsound and poorly conceived. See, e.g., Tr. 174-184.

In that Landau knowingly and voluntarily waived his right to be represented by an attorney, and although counselled by an attorney rejected the advice of counsel, his Sixth Amendment right to counsel was not violated.

( page 7)

AO 72A
(Rev. 8/82)

CERTIFICATE OF SERVICE

I hereby certify that I am this day serving a copy of the attached documents upon the person and in the manner described below. Which service satisfies the requirements of Federal R. of Appellate Procedure.

SERVICE BY FIRST CLASS MAIL ADDRESSED AS FOLLOWS:

Superintendent Robert Shannon

S.C.I. Mahancy

301 Morea Rd.

Frackville, PA 17932

&

PA Attorney General

D. Michael Fisher

1512 Strawberry Sq.

Harrisburg, PA  17120

Date 8/10/01



s/ Lee D. Landau

Lee D. Landau

AK-7928

301 Morea Rd.

Frackville, PA 17932